**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO.  14-CR-00161-REB-2

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**JAIME J. BEEBE**,

        Defendant.

_____

**DEFENDANT BEEBE'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX, VACATE CURRENT DEADLINES AND TRIAL DATE, AND TO EXCLUDE 180 DAYS FROM THE SPEEDY TRIAL COMPUTATIONS**
_____

COMES NOW, JAIME J. BEEBE, by and through his attorney, David L. Owen, Jr., and pursuant to Fed. Rules of Criminal Procedure 12(c) and Title 18 U.S.C. § 3161(h)(7)(A); (B)(1) and (ii) and hereby respectfully moves this Court for an Order declaring the case complex, vacating all current deadlines and trial dates and excluding 180 days from the Speedy Trial Computations. In support thereof counsel states as follows:

**PROCEDURAL BACKGROUND**

1.    On December 10, 2014, a Criminal Complaint was filed in the District of Colorado charging Mr. Beebe with violation of Title 18 U.S.C. §§ 1343 and 371

(Doc 1). An arrest warrant was issued and Mr. Beebe was arrested in New Mexico.

2.      On December 16, 2014, a Superseding Indictment was returned charging Mr. Beebe in seventeen (17) counts with violations of Title 18 U.S.C. § 1343 (Wire Fraud); and, Notice of Forfeiture Allegation (Doc 37).

3.      On December 18, 2014, Mr. Beebe appeared before the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico for a Rule 5 hearing. At the conclusion of that hearing, Mr. Beebe was ordered transferred to the District of Colorado to answer for the charges contained in the Superseding Indictment (Doc 41).

4.      On January 12, 2015, Mr. Beebe appeared before the Honorable Craig B. Shaffer, United States Magistrate Judge for the District of Colorado for his Initial Appearance. An Arraignment, Discovery Conference and Detention hearing were scheduled for January 15, 2015 (Doc 43). After Mr. Beebe completed a financial affidavit,  Magistrate Shaffer appointed Criminal Justice Act (CJA) counsel to represent Mr. Beebe (Doc 44).

5.      On January 13, 2015, the undersigned counsel entered his appearance (Doc 46).

6.      On January 15, 2015, Mr. Beebe and counsel appeared before Magistrate Shaffer for the Arraignment, Discovery Conference and Detention Hearing. Mr. Beebe entered pleas of Not Guilty to all counts alleged in the

Superseding Indictment, the Discovery memorandum was executed (Doc 49) and Mr. Beebe stipulated to pretrial detention while reserving his right to file a Motion to Reconsider upon changed circumstances (Doc 48).

7.     The Court has set January 30, 2015 as the deadline for filing pretrial motions, February 19, 2015, as telephonic motions hearing scheduling date, and February 27, 2015 for the Trial Preparation Conference. A 10 day trial date is scheduled to commence on March 9, 2015 (Doc 50).

## STATUTES AND CASE LAW FOR CONTINUANCES

8.     Title 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial. Title 18 U.S.C. § 3161(h)(7)(B)(1) provides that a factor the Court must consider when granting such a delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Also set forth in §3161(h)(7)(B)(iv) is whether failure to grant such  a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

9.      The Tenth Circuit Court of Appeals set forth factors for evaluating a request for an Ends of Justice continuance stating "the record must clearly establish the district court considered the proper factors at the time such a

continuance was granted." *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the reasons listed by the party moving for the continuance actually results in the need for additional time. The moving party cannot state the simple conclusion additional time is necessary as this does not satisfy the requirements of the Speedy Trial Act. *Id.* at 1271-1272.

10.     The Tenth Circuit Court of Appeals has also set forth the factors the Court should consider:

a) the diligence of the party requesting the continuance,

b) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for the continuance,

c) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and

d) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)

**ARGUMENT**

11.     Mr. Beebe is charged in seventeen counts of the Superseding Indictment with a complex wire fraud scheme which was over a year in duration. The very nature of the allegations make this case far more complex than the average federal criminal case.

12.     Counsel has been informed initial discovery, which has not taken place as of the date of this motion, will consist of at least 30,000 pages and some hours of audio recordings. Because counsel has not received discovery yet counsel has not been able to being the discovery reviewing process.

Additional discovery, which is to follow the release of the initial discovery material about a week later, includes a considerable amount of printed material. No estimate of the number of pages has been supplied. As the Court is well aware, white collar crimes involve thousands of pages of witnesses interviews, bank records, phone records, etc.

It is anticipated a number of witnesses will need to be investigated, located and interviewed. As this wire fraud scheme is alleged to have involved locations and personnel inside and outside of the United States, some of the witnesses may reside in foreign countries making the investigation, location and interview process longer in nature than that involving witnesses located within this judicial district.

Through counsel's experience, complex white collar cases, such as wire fraud, usually involve a number of pretrial motions. Given the volume of discovery and the complex nature of this case, even with exercising due diligence, counsel cannot possibly review all of the discovery materials, determine potential defenses, evaluate, research and file the necessary pretrial motions by the January 30, 2015, deadline. Given the January 30th deadline for the filing of

Pretrial Motions, counsel would have less than one (1) week to review the over 30,000 pages of initial discovery materials, research and prepare any Pretrial Motions for filing.

Additionally, until discovery has been reviewed counsel will not be able to determine the need, locate, interview and retain expert witnesses for pretrial motions or for trial by the deadline currently ordered by the Court.

13.     Should a continuance not be granted a miscarriage of justice would result by denying counsel the necessary and reasonable time for effective preparation of a defense to the allegations; thus, resulting in denying Mr. Beebe his Sixth Amendment right to Effective Assistance of Counsel. However, granting the request for a continuance would provide counsel sufficient time to review discovery, research motions, investigate, locate and interview potential witnesses, evaluate the need, locate, interview and retain expert witnesses and formulate a defense to the charges alleged in the Superseding Indictment.

14.     The request for a 180 day continuance should not be an inconvenience to the opposing party, the witnesses or the Court. Counsel has conferred with AUSA Kenneth Harmon who has stated he has no objection to the granting of a 180 continuance. Therefore, Mr. Beebe submits his request satisfies the criteria set forth in Title 18 USC §3161(h)(7), *United States v. Toombs* and *United States v. West*.

WHEREFORE the reasons stated above, Mr. Beebe respectfully requests this Court issue an Order declaring this case complex, vacate all current deadlines and trial date and exclude 180 days from the speedy trial calculations.

Respectfully submitted,

<u>/s/ David L. Owen, Jr.</u>
DAVID L. OWEN, JR. #39669
Law Office of David L. Owen, Jr.,P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
FAX: (720) 242-8907
davidowen@lodopc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2015, I electronically filed the foregoing **DEFENDANT BEEBE'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX, VACATE CURRENT DEADLINES AND TRIAL DATE, AND TO EXCLUDE 180 DAYS FROM THE SPEEDY TRIAL COMPUTATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Kenneth Harmon - kenneth.harmon@usdoj.gov

Tonya Shotwell Andrews - Tonya.Andrews@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jaimie J. Beebe - hand delivered

/s/ David L. Owen, Jr.
DAVID L. OWEN, JR.
Law Office of David L. Owen, Jr. P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
davidowen@lodopc.com
Attorney for Defendant