## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00161-REB-2

**UNITED STATES OF AMERICA** ,

    Plaintiff,

v.

**2. JAIME J. BEEBE,**

    Defendant.

---

## DEFENDANT JAIME J. BEEBE's MOTION TO ALLOW ATTORNEYS
## TO EXAMINE PROSPECTIVE JURORS

---

Comes now, Jaime J. Beebe, by and through his attorney of record, David L. Owen, Jr., and respectfully requests this Honorable Court for the entry of an Order allowing the attorneys to question prospective jurors individually, **AND AS GROUNDS THEREFOR**, states as follows:

1.      Undersigned counsel submits that this case presents complex and inflammatory issues which require voir dire by counsel familiar with the issues and facts of their case.  Voir dire by counsel will be more efficient given this familiarity and will also guarantee that issues, including defenses not subject to pre-trial disclosure, be adequately explored to ensure an unbiased jury.

2.    Under the Federal Rules the trial Court has the discretion to allow counsel to conduct voir dire.

      "Rule 24 ...
     (a)  Examination.

     (1) *In General.*

The court may examine prospective jurors or may permit the attorneys for the parties to do so.

*(2) Court Examination.*

If the court examines the jurors, it must permit the attorneys for the parties to:

(A) ask further questions that the court considers proper; or

(B) submit further questions that the court may ask if it considers them proper.

Thus, the Court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination.   In the latter event the court shall permit ...the attorney ...to supplement the examination by such further inquiry as it deems proper or shall submit to the prospective jurors such additional questions ...as it deems proper. "*See   Aldridge v. U.S.*, 283 U.S. 308, 51 S.Ct. 470 (1931); *Sellers v. U.S.*, 271 F.2d 475 (D.C. Cir. 1959); *Morford v. U.S.*, 339 U.S. 258 70 S.Ct. 586 (1950); *Blueth v. Denno*, 313 F.2d 364 (2d Cir. 1963).

3.    *Voir dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled. See *Connors v. United States,* 158 U.S. 408, 413, 15 S.Ct. 951, 953, 39 L. Ed. 1033 (1895).  Similarly, lack of adequate *voir dire* impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts.

4.    A.B.A. procedures provide for the trial judge to explain basic points of law and procedure to the venire and then permit questioning by opposing counsel. The questioning of prospective panel members is perhaps the only occasion counsel will have for personal interaction with the jury.  Additionally, it is the only occasion, save the verdict, that counsel will have the opportunity to hear from the jurors.  And while the trial Court may have con-

cern for jurors challengeable for cause, counsel's primary concern is in intelligently exercising their peremptory challenges.  As early as 1893, courts noted that voir dire examination "is often conducted in great part by counsel whose experience has taught them exactly what are the crucial points involved in the inquiry." _U.S. v. Barber_, 21 Dist. Col. 456, 463 (1893).

5. While the burden may be on Defendant to demonstrate a need for voir dire conducted by counsel rather than the court, _U.S. v. Baldwin_, 607 F.2d 1295 (9th Cir. 1979), _Silverthorn v. U.S._, 400 F.2d 627 (9th Cir. 1968), the trial Court's burden to make independent inquiry [i.e. regarding prejudicial pretrial publicity] may be reduced where "defense counsel is permitted to inquire", _Brown v. State_, 601 P.2d 221 (Alaska 1979), or increased, where it prohibits same.   _Silverthorne v. U.S._, Supra.  By "sound judicial discretion," we mean that the trial judge should keep uppermost in his mind the fact that the parties have the right to some surface information about prospective jurors which might furnish the basis for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality. Cf. _United States v. Segal_, 534 F.2d 578, 581 (3rd Cir. 1976), and cases cited therein; _United States v. Jackson_, 542 F.2d 403, 413 (7th Cir. 1976), and cases cited therein.

The Federal Judicial Center surveyed 124 federal judges in the 1990s to determine their actual voir dire practices. John Shapard & Molly Johnson, Memorandum From the Federal Judicial Center, to the Advisory Committee on Civil Rules and Advisory Committee on Criminal Rules (Oct. 4, 1994) (on file with the Chicago-Kent Law Review) (reporting that researchers mailed a questionnaire to a randomly selected sample of 150 active federal

district court judges, and 83% (124 judges) responded to the survey). Fully 59% of the judges said that they ordinarily allowed counsel to ask questions during voir dire in civil cases, and 54% permitted some attorney questioning in criminal cases, up from about 30% in 1977. Id. at 1.   About a third of all judges (33%) said they conducted the initial examination and then permitted attorneys to ask a limited number of additional *1185 questions. Id. at 2. Another 18% said they conducted the initial exam and then gave counsel an extended opportunity to ask questions. Id.   Finally, 9% of the judges allowed counsel to conduct most or all of the voir dire. Id. In an interesting finding, the extent of attorney involvement in voir dire bore no relationship to the reported amount of time typically spent on voir dire. Id. at 2-3.

The Jury Summit 2001 conference brought together judges, court administrators, jury commissioners, lawyers, and other interested parties from twenty-eight U.S. jurisdictions to exchange innovative practices and ideas about the conduct of jury trials. *The New York State Unified Court System and the National Center hosted the Conference for State Courts. The Conference of Chief Justices, American Judges Association, Conference of State Court Administrators, and the National Association sponsored it for Court Management. Jury Summit 2001 took place on Jan. 31-Feb. 2, 2001 in New York, NY.* The participants completed a questionnaire that asked for the length of the typical noncapital felony voir dire in their jurisdictions. The average felony voir dire time was 5.13 hours, ranging from less than one hour to five days. The modal or most common response was two hours.

A study of 382 criminal jury trials in four state courts (Los Angeles, California; Maricopa

County, Arizona; the District of Columbia; and the Bronx, New York) also showed variation in voir dire across jurisdictions.   Paula L. Hannaford Agor et al., Are Hung Juries a Problem? (2002) (report to the National Institute of Justice; jury selection is discussed at 37-38 of the report) [hereinafter Are Hung Juries a Problem?]. The length of the average voir dire reportedly ranged between two and three hours, except in the Bronx, which had a median length of seven hours. Judges conducted voir dire in Los Angeles, but in the other three sites both judges and attorneys participated in voir dire questioning of prospective jurors. In Los Angeles and the Bronx, case-specific juror questionnaires were used in about a third of all jury trials, compared to 19% of D.C. trials and no trials in Maricopa County. All of the empirical evidence about the length and extensiveness of voir dire suggests that it differs substantially across jurisdictions.

Some jurisdictions have quite limited voir dire, and judges are reluctant to expand the range and types of questions asked of prospective jurors, particularly in lower-stakes cases, perhaps because they adhere to the reasonable person view of the jury, as Marder suggests. On limited voir dire, see *Debora A. Cancado,* The <u>Inadequacy of the Massachusetts Voir Dire, 5 Suffolk J. Trial & App. Advoc. 81, 83-84 (2000)</u>.

Whether judges or attorneys should conduct the questioning, and their relative advantages and disadvantages, has been extensively debated. The Federal Judicial Center study indicates that in the federal courts, attorney involvement in voir dire has doubled over the past several decades. *John Shapard & Molly Johnson, Memorandum From the Federal Judicial Center, to the Advisory Committee on Civil Rules and Advisory Committee on Criminal Rules (Oct. 4, 1994)* .Although empirical research is modest, the research that is

available points to the superiority of attorney voir dire in uncovering juror bias.

6.      Accordingly, under the unique circumstances presented by this case involving allegations of a complex scheme, allowing the attorneys to conduct the voir dire examination of the jurors herein will best protect both the court and the litigants.  It is quite difficult, if not impossible, for the parties in this case to draft questions in advance that will adequately address the   parties concerns depending on the response to the Court's questions, the actual make up  of the jurors, as well as their physical reaction to the case. Undersigned counsel is not opposed to a reasonable time limit of 30 minutes to be imposed on the parties for initial panel voir dire subsequent to the Court's own questioning.

DATED this 24th day of November, 2015.


Respectfully submitted,

*/s/ David L. Owen, Jr.*
David L. Owen, Jr.
Law Office of David L. Owen, Jr., P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Tele:  (303) 993-7092
davidowen@lodopc.com
Attorney for Defendant Beebe

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015, I electronically filed the foregoing

**DEFENDANT JAIME J. BEEBE's MOTION TO ALLOW ATTORNEYS**

**TO EXAMINE PROSPECTIVE JURORS** with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following e-mail addresses:

AUSA Kenneth Harmon - kenneth.harmon@usdoj.gov

AUSA Martha Pulach - martha.pulach@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the

following non CM/ECF participant in the manner (mail, hand-delivery, etc.)

indicated by the non-participant's name:

Jaimie J. Beebe - hand delivered


/s/ David L. Owen, Jr.
DAVID L. OWEN, JR.
Law Office of David L. Owen, Jr. P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
Fax : (303) 265-9202
davidowen@lodopc.com
Attorney for Defendant