# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEOFFREY H. LUNN, and
2. **JAIME J. BEEBE,**
    a/k/a Jaime J. Greene,
    a/k/a Robert Perello,
    a/k/a Bobby Perello,
    a/k/a Robert Visconti,
    a/k/a Anthony Caramanna,

    Defendants.

---

## GOVERNMENT'S MOTION FOR COURT ORDER AUTHORIZING VIDEO TELECONFERENCE DEPOSITION OF WITNESS KEVIN DOHERTY PURSUANT TO FED. R. CRIM. P. 15

---

The United States of America, by and through its undersigned counsel, moves, pursuant Rule 15 of the Federal Rules of Criminal Procedure, for a Court order authorizing the video teleconference deposition of prospective trial witness Kevin Doherty in London, England, to preserve his testimony for the February 1, 2016 trial of Defendant  Jaime J. Beebe (defendant).  The government is requesting permission to depose Mr. Doherty, who will be physically located in London, England, and appearing

via video teleconference, while the defendant, his counsel, and government counsel will be located in Denver, Colorado.[1]

The government also requests that the Court enter an order governing the procedures for this deposition.

Government counsel has conferred with defendant's counsel Mr. David Owen about this motion.  Mr. Owen advises that the defendant takes no position on the government's motion at this time.

In support of this motion, the government asserts as follows:

1.   Mr. Doherty is a British citizen and resides in Manchester, England.  As discussed below, the government submits that Mr. Doherty has evidence, primarily in the form of testimony, that is relevant and material to its case, and the government intends to call Mr. Doherty to testify as part of its case-in-chief.  As discussed below, the government cannot compel Mr. Doherty to appear to provide trial testimony.  At this point, Mr. Doherty has stated he is willing to appear voluntarily to provide testimony via a video teleconference deposition, but that he is reluctant to appear voluntarily at the defendant's February 1, 2016 trial, discussed more fully below.  In the event the government is unable to secure the voluntary appearance of Mr. Doherty at trial, taking his deposition now would preserve his testimony for use at trial and would permit the jury to consider his evidence, through the introduction of his videotaped deposition, while affording the defendant his right of confrontation and cross-examination through the procedures set forth below, pursuant to Fed. R. Crim. P. 15(c), (f), and (h).

2.  Federal Rule of Criminal Procedure 15(a)(1) provides in relevant part that "A

---

[1]  Due to time constraints and expense, the United States is not seeking permission for government counsel, defendant's counsel, and the case agent to travel to London to conduct the deposition.

party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1); *United States v. Fuentes-Galindo,* 929 F.2d 1507, 1509 (10th Cir. 1991).  Deposition testimony may be used at trial "as substantive evidence" in chief as well as for purposes of impeachment if the witness is unavailable at the time of trial.  Fed. R. Crim. P. 15 (advisory committee notes, 1975 Amendments, subdivision (e)); *United States v. Gigante,* 166 F.3d 75, 81 (2d Cir. 1999).

3.   "[T]he 'exceptional circumstances' standard . . . requires the district court to exercise 'its discretion in determining whether a deposition should be taken under the particular circumstances presented.'" *United States v. Edwards,* 69 F.3d 419, 437 (10th Cir. 1995) (quoting *Fuentes-Galindo,* 929 F.2d at 1509).

4.   Prior to the 1975 amendments to Rule 15, in deciding whether to allow a deposition for use at trial, courts considered whether "(1) the witness's testimony was material; (2) the witness would be unavailable to testify; and (3) the taking of the deposition was necessary to prevent a failure of justice."  *Fuentes-Galindo,* 929 F.2d at 1509 (citation omitted).  These factors were replaced with the phrase "exceptional circumstances."  *Id.*  Nonetheless, the *Fuentes-Galindo* court continued to consider these factors to determine whether "exceptional circumstances" were present to warrant the taking of a Rule 15 deposition to be used at trial.

5.   The defendant is in custody pending trial.  The government is seeking authorization to take, by video teleconference, the deposition of a trial witness outside the United States without the defendant's presence, a situation specifically addressed by Federal Rule of Criminal Procedure 15(c)(3).  This provision requires the Court to

make case-specific findings regarding (A) materiality; (B) substantial likelihood that the witness's trial attendance cannot be obtained; (C) the witness's presence for a deposition in the United States cannot be obtained; (D) the defendant cannot attend the deposition; and (E) the defendant can meaningfully participate in the deposition through reasonable means.  Rule 15(c)(3)(A) through (E).  The government, as the party requesting the deposition, must prove these elements by a preponderance of the evidence.  Rule 15(c)(3) and (f) (Advisory Committee Notes, 2012 Amendments).

As discussed below, the United States has fully established the elements set forth in Rule 15(a) and (c)(3).

### A.  Materiality

The Court must find that "(A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution."  Fed. R. Crim. P. 15(c)(3)(A). The materiality of Mr. Doherty's testimony is as follows:

i.      The Second Superseding Indictment charges the defendant with numerous offenses stemming from his orchestration and direction of a fraudulent high yield investment scheme beginning in February 2010 and continuing into March 2011. The scheme began when co-defendant Lunn, in need of financing for his real estate investment business, contacted the defendant, eventually known to him as Robert Perello, through an internet ad.  As set forth in the Superseding Indictment, the scheme to defraud investors was carried out by the defendant, co-defendant Lunn, and other individuals referred to as "affiliates" who also promoted this scheme (some knowingly and others unknowingly).  The defendant personally met with co-defendant Lunn on a number of occasions, but attempted to insulate himself from liability for this scheme by

having no face-to-face contact with investors or affiliates, and by using aliases during this time, such as Robert Perello, Bobby Perello, Robert Visconti, and Anthony Caramanna.

ii.     During the time period of this scheme to defraud investors, the defendant directed co-defendant Lunn to personally deliver cash to him in Albuquerque, New Mexico; Los Angeles, California; and Las Vegas, Nevada.  The defendant also instructed co-defendant Lunn to wire money to him via Western Union and Money Gram using various names of individuals in Albuquerque, New Mexico, to include his then step-son and his then step-son's girlfriend.  The defendant told co-defendant Lunn to wire funds in these other names in amounts under $1,000 so the funds could be picked up using only the answer to a test question and without the need to present identification.

iii.    Between April 2012 and August 2012 – after the conduct alleged in this case but prior to the defendant's December 2014 arrest – the defendant engaged in purported business dealings with British citizen Kevin Doherty.  Like co-defendant Lunn, Mr. Doherty made contact with the defendant – then known to him as David Rosenthal – through an internet ad.  Mr. Doherty stated that during the course of his involvement with the defendant, the defendant admitted to Mr. Doherty that he used the following aliases:  1) David Rosenthal; 2) Anthony Caramanna ; 3) Robert Visconti, and 4) Vincent Gravino.  The defendant ultimately admitted to Mr. Doherty that his real name was Jaime Beebe.

The defendant traveled to London, England, using his real name, and met with Mr. Doherty.  Mr. Doherty's description of the defendant – to include the fact he has only one eye – matches the description of the defendant with whom co-defendant Lunn dealt and with the defendant in custody on the instant charges.

At the defendant's direction, Mr. Doherty sent money via Western Union and Money Gram to the defendant in Albuquerque, New Mexico.  The defendant directed Mr. Doherty to send the money to him in the alias names of Anthony Caramanna and Robert Visconti[2] in amounts which would not require the defendant to produce identification.   Mr. Doherty did so, listing his name as the sender on multiple occasions. Western Union records establish that during this time frame in the summer of 2012, funds were wired to the name Anthony Caramanna from other names on numerous occasions.  The majority of these wires were in amounts just under $1,000, which amounts could be picked up without identification.  The defendant also directed Mr. Doherty to send cash to him in Albuquerque, New Mexico.

iv.  In sum, Doherty's testimony is material to establish the defendant's 1) identity; 2) pattern in general of using aliases, and specifically, using the aliases of Anthony Caramanna and Robert Visconti at issue in this case; 3) direction to Mr. Doherty for the delivery of cash to him in New Mexico; and 4) use of Western Union for receipt of fraudulently obtained funds.  *See United States v. Ahmed,* No. 12-CR-661, 2014 WL 7399298, at *1 (finding materiality under Fed. R. Crim. P. 15(c)(3)(A) where the witnesses had "personal knowledge of the conduct of one or more of the defendants and that knowledge [bore] on the offenses charged in the Superseding Indictment').

---

[2]  A detailed recitation of the defendant's use of the aliases Anthony Caramanna and Robert Visconti in connection with the crimes charged in the instant case is set forth in the Government's Notice of Rule 404(b) Evidence, filed November 24, 2015.

### B. and C. Unavailability for trial or deposition in the United States

Next, the Court must determine that "(B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained," and "(C) the witness's presence for a deposition in the United States cannot be obtained." Fed. R. Crim. P. 15(c)(3)(B) and (C). The same facts support a finding that the government has established each of these findings. *See Ahmed,* 2014 WL 7399298, at *1 (relying on same facts to determine that government "will be unable to secure the witnesses' presence in the United States, for either depositions or to testify at trial").

First, the showing of unavailability at trial "need not be conclusive before a deposition can be taken." *United States v. Drogoul,* 1 F.3d 1546, 1553 (11th Cir. 1993). Instead, "whenever a substantial likelihood exists that the proposed deponent will not testify at trial," justice "usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary." *Id.* The government establishes a substantial likelihood of unavailability at trial and at a deposition in this country through the following:

i.      Mr. Doherty was convicted in the United Kingdom in November of 2012 of various fraud offenses, including possession of false identity documents. He was sentenced to four years in prison. He served two years and is currently on the United Kingdom's equivalent of probation until November of 2016. One condition of his probation is a travel ban, prohibiting Mr. Doherty from traveling outside of the United Kingdom until he completes his term of probation.

ii.     Mr. Doherty has advised that even if the travel ban were not in place, he is reluctant to travel to the United States due to his fear that his criminal conduct that gave rise to his conviction in the United Kingdom may somehow place him in jeopardy of being arrested in this country.

iii.    Moreover, assuming arguendo he is permitted to leave the United Kingdom, Mr. Doherty may not be allowed to enter the United States as his criminal conviction renders him inadmissible as a matter of law. *See* http://www.maggio-kattar.com/individual-immigration/immigration-consequences-criminal-conviction (attached hereto as Attachment 1).  The Department of Homeland Security may not be willing to take the extraordinary step of paroling him into the United States to testify.  In addition, a waiver from the Department of State may not be available or warranted as a matter of discretion.  The defendant's status as a citizen of a visa waiver country may not suffice to allow his entry into the United States.  According to the Department of States' website, testimony in court does not seem to fall within the ambit of approved business or tourist travel.  http://travel.state.gov/content/visas/en/visit/visa-waiver-program.html (attached hereto as Attachment 2).

Accordingly, the government has established a substantial likelihood that it will be unable to secure Mr. Doherty's presence for a deposition or trial in the United States. *See Ahmed,*  2014 WL 7399298, at *1 (finding a substantial likelihood that the government will be unable to secure witnesses' presence in the United States for depositions or trial where "due to their criminal convictions, the United States may not permit the witnesses to enter the United States"); *see also California v. Green,* 399 U.S.

149, 189 n.22 (1970) ('[t]he lengths to which the prosecution must go to produce a witness . . . is a matter of reasonableness").

iv.     There exists no statute or rule that authorizes the issuance of a subpoena to compel Mr. Doherty, a British citizen, to appear in this District and testify at a deposition or at the defendant's trial. *Webber v. United States,* 395 F.2d 397, 399-400 (10th Cir. 1968). Indeed, Title 28, United States Code, Section 1783, "provides for subpoena service in a foreign country only upon a national or resident of the United States." *Id.* at 400 n.3 (citing 28 U.S.C. § 1783(a)); *United States v. Filippi,* 918 F.2d 244, 247 (1st Cir. 1990) ("[t]he government has no power to compel the presence of a foreign national residing outside the United States").

Accordingly, for these reasons, there is a "substantial likelihood" that Mr. Doherty will not travel to the United States for a deposition or trial, and therefore, he is deemed "unavailable for purposes of Rule 15(a)." *United States v. Cooper,* 947 F. Supp. 2d 108, 113-14 (D.D.C. 2013) (citing *Drogoul,* 1 F.3d at 1553).

The United States understands its duty to "make a good-faith effort to obtain the witness's presence at trial" before a deposition is used. *Barber v. Page,* 390 U.S. 719, 724-25 (1968). The United States will do just that; in the event Mr. Doherty is able and willing to travel to the United States to testify at the defendant's trial, and the United States allows Mr. Doherty to enter this country, the United States will not seek to introduce his deposition testimony.

### D.  The defendant cannot be present at the deposition in London

The defendant has been in custody since his arrest in this case in New Mexico in December of 2014. Docs. 41, 42, 48.

9

Rule 15(c)(3)(D) provides in relevant part that "the defendant cannot be present because . . . (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location."

The United States Marshals Service confirmed to undersigned counsel that they cannot assure secure transportation and continuing custody of the defendant in London, England.  *See Ahmed,* 2014 WL 7399298, at *1 (finding "the defendants cannot be present at the depositions abroad because secure transportation and continuing custody cannot be assured at the witnesses' locations"); *United States v. Medjuck,* 156 F.3d 916, 920 (9th Cir. 1998) ("[t]here is no requirement that the Government go through a futile exercise before it may proceed to arrange for a defendant's remote participation" at a deposition).

### E.  The defendant can meaningfully participate in the deposition through reasonable means.

"When the government is unable to secure a witness's presence at trial, Rule 15 is not violated by the admission of videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings."  *Medjuck,* 156 F.3d at 920.  *Medjuck* was decided prior to the 2012 amendment to Rule 15, which allows for the taking of a deposition outside the United States without the defendant's presence.  In *Medjuck,* Canadian witnesses were unavailable as they were outside the United States' subpoena power and "refused voluntarily to attend."  *Id.*  Medjuck was in custody and the district court found that "United States officials were unable to maintain custody over Medjuck while in Canada."  *Id.* at 921 n.2.  The government set up "an elaborate system

10

to allow Medjuck to witness the depositions live by video feed and to participate with his attorneys by private telephone connection during the depositions taken in Canada." *Id.* at 920. The court found that Medjuck's "level of participation was adequate to afford him ample opportunity to cross-examine the witnesses . . . ." *Id.* at 921.

In the case, the government submits the defendant's rights will be protected, and his participation ensured, through the following measures:

1) The deposition will take place in a secure location. *See Ahmed,* 2014 WL 7399298, at *1. Here, the proposed deposition of Mr. Doherty will take place at the United States Embassy in London, England, at a time agreeable to the parties.

2) Mr. Doherty will be placed under oath by a Consulate official authorized to do so.

3) The defendant, his counsel, and counsel for the government will be present in and conduct the deposition from a courtroom in the Arraj Federal Courthouse in Denver, Colorado, as designated by the Court, while Mr. Doherty will appear via video teleconference in London, England.

4) The defendant will participate via contemporaneous video teleconference and will be given ample opportunity to cross-examine the witness.

5) The defendant will be allowed to communicate privately with counsel during the deposition.

6) A stenographer and videographer will be present in London to record the proceedings for the record.

**CONCLUSION**

For the reasons set forth above, the United States submits it has established under Rule 15(a) that exceptional circumstances exist which warrant taking the videotaped deposition of trial witness Kevin Doherty.  The United States has also established by a preponderance of the evidence the conditions set forth in Rule 15(c)(3) so that the deposition of Mr. Doherty may occur in London, England, without the defendant's presence.  Accordingly, the government respectfully requests that the Court issue an Order authorizing the deposition of trial witness Kevin Doherty to take place, and issue an Order governing the procedures to be followed during the deposition.

Respectfully submitted,


*s/ Martha A. Paluch*
Martha A. Paluch
Kenneth M. Harmon
Assistant U.S. Attorneys
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov
Kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. David L. Owen, Jr.
davidowen@lodopc.com

Mr. Scott T. Varholak
Scott_varholak@fd.org

Mr. Edward R. Harris
Edward_Harris@fd.org

s/ Mariah Tracy
MARIAH TRACY
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0401
e-mail: Mariah.Tracy@usdoj.gov