# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB(s)(s)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. GEOFFREY H. LUNN, and
2. **JAIME J. BEEBE,**
   a/k/a Jaime J. Greene,
   a/k/a Robert Perello,
   a/k/a Bobby Perello,
   a/k/a Robert Visconti,
   a/k/a Anthony Caramanna,

   Defendants.

---

## ORDER FOR THE DEPOSITION OF KEVIN DOHERTY

---

This matter is before the Court on the government's motion, pursuant to Fed. R. Crim. P. 15, to depose prospective witness Kevin Doherty, a British citizen, in London, England, via a video teleconference connection.

After due consideration and for good cause shown, the Court hereby makes the following findings of facts and Orders that the deposition of Kevin Doherty shall be taken in accordance with the following procedures:

1. The government has demonstrated that exceptional circumstances are present and that it is in the interest of justice to take a deposition of Mr. Doherty.

2. The deposition testimony of the witness shall be taken before a

person authorized to administer oaths in London, England, either by the law thereof or by the law of the United States. (This person hereinafter is referred to as the officer.) The deposition testimony shall be taken after the officer has put Mr. Doherty under oath or affirmation.

3. The officer personally or someone acting under the officer's direction and in the officer's presence shall record Mr. Doherty's testimony. The testimony shall be recorded by stenography, video and sound. A video teleconference (VTC) will be arranged so that the defendant, his counsel, and counsel for the government may see and hear the witness testify while he is located in London, England, and they are located at the Arraj Federal Courthouse in Denver, Colorado.

4. Mr. Doherty shall be the United States' witness. Counsel for the United States shall conduct direct examination, and counsel for the defendant may conduct cross-examination. If counsel for the defendant conducts cross-examination, counsel for the United States may conduct re-direct examination. If counsel for the United States conducts re-direct examination, counsel for the defendant may conduct re-cross examination. There shall be no further examination.

5. The scope and manner of the direct examination, cross-examination, re- direct examination, and re-cross examination shall proceed as permitted at trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615.

6. All objections made at the time of the deposition shall be noted

by the officer upon the record of the deposition, but the deposition shall proceed with the testimony being taken subject to the objections.

7. Any objection to evidence during the deposition shall be stated concisely and in a non-argumentative and non-suggestive manner.

8. The officer shall certify that Mr. Doherty was duly sworn by the officer and that the stenographic transcript and video and sound recording of the deposition constitute the true record of Mr. Doherty's testimony.  This certificate shall be in writing and shall accompany the record of the deposition.  The officer shall file the record of the deposition with this court no later than 20 days prior to the start of the trial of this case. The record of the deposition shall include the stenographic transcript, the video and sound recording and copies of all documents and other things produced for inspection during the deposition.

9. All documents and other things produced for inspection during the deposition shall be marked as government exhibits or defense exhibits and shall be the same as those used during the trial.

10. The officer shall retain all stenographic or other notes of the deposition.

11. The duration of the deposition shall not exceed one day.  The scope of the deposition is limited to testimony relevant to the charges set forth in the Second Superseding Indictment and any defenses to those charges.

12. The government shall make the arrangements regarding the place and time of the deposition in London and shall pay any reasonable costs related to the same.  The government will pay the costs associated with securing and providing the VTC connection.

13. Defendant Beebe shall be given a reasonable opportunity to communicate with his counsel during the deposition.

14. No later than ten days before the deposition date, the government shall provide all Rule 15(e)(3) statements to the defendant in the government's possession. If the government receives additional statements after that time period, it shall provide them as soon as practicable.  The Court finds that the government's obligations in this respect are coextensive with those codified in the Jencks Act, 18 U.S.C. § 3500 et seq.

15. Use of the deposition at the trial of this case shall be governed by Rule 15 of the Federal Rules of Criminal Procedure and the pertinent Federal Rules of Civil Procedure as made applicable by Rule 15 of the Federal Rules of Criminal Procedure.

16. Prior to and during trial, this court will entertain motions by the defendant and the United States to preclude the use at trial of all or portions of the deposition.

Dated at Denver, Colorado, this ____ day of _____ 2015.

BY THE COURT:

_____
Robert E. Blackburn
United States District Court Judge