IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB(s)(s)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. GEOFFREY H. LUNN, and
2. **JAIME J. BEEBE,**
   a/k/a Jaime J. Greene,
   a/k/a Robert Perello,
   a/k/a Bobby Perello,
   a/k/a Robert Visconti,
   a/k/a Anthony Caramanna,

   Defendants.

_____

**GOVERNMENT'S NOTICE OF RULE 404(b) EVIDENCE**
_____

The government hereby provides notice, pursuant to Federal Rule of Evidence 404(b), that it intends to introduce other acts evidence regarding Defendant Jaime Beebe's (defendant) use of the aliases Anthony Caramanna and Robert Visconti. Given the nature of this case, that evidence is critical to prove, including but not limited to, the defendant's intent, preparation, plan, knowledge, and identity.

The government files this notice early so that it may be addressed at the December 18, 2016 motions hearing.[1]

**Background**

The Second Superseding Indictment charges the defendant with numerous

---

[1] Consistent with the deadline in the Discovery Conference Memorandum, the government reserves the right to provide notice of other Rule 404(b) evidence in the future.

1

offenses between February 2010 and March 2011, stemming from his orchestration and direction of Dresdner Financial, a fraudulent high-yield investment scheme. The scheme began when co-defendant Geoffrey Lunn, in need of financing for his real estate investment business, contacted the defendant, eventually known to him as Robert Perello, through an internet ad. As set forth in the Superseding Indictment, the scheme to defraud investors was carried out by the defendant, co-defendant Lunn, and other individuals referred to as "affiliates" who also promoted this scheme (some knowingly and others unknowingly). The defendant, acting as Robert Perello, personally met with co-defendant Lunn on a number of occasions, but attempted to insulate himself from liability for this scheme by having no face-to-face contact with affiliates or investors and by identifying himself to co-defendant Lunn, affiliates, and investors as Robert Perello or Bobby Perello.

### Anthony Caramanna

Evidence establishes that during the time of the instant scheme, the defendant also used the alias of Anthony Caramanna. This evidence includes, but is not limited to:

- The defendant, acting as Robert Perello, told co-defendant Lunn, a number of affiliates, and victims that his contact telephone number was **424-354-7193**. These individuals used the **424-354-7193** number to contact the defendant, as Robert or Bobby Perello, and the defendant, using these aliases, called these individuals from this telephone number. The defendant used this number extensively throughout the scheme. Records revealed that the subscriber name for this telephone number is Anthony Caramanna.

- The defendant, acting as Bobby Perello, listed the **424-354-7193** number as his contact number on an All American Auto Transport receipt for transportation of a vehicle purchased by his wife Lorena Lucero.
- Toward the end of the scheme, using the **424-354-7193** number, the defendant called co-defendant Lunn's answering service and left threatening messages. During one of these recorded calls, the defendant identified himself as Bobby Perello and stated that he could be reached at **424-354-7193**.
- While in Los Angeles, California, with co-defendant Lunn, the defendant stayed at the Hollywood Roosevelt Hotel. The receipts for the defendant's room were in the name of Anthony Caramanna.

### Robert Visconti

Evidence establishes that during the time of the instant scheme, the defendant also used the alias of Robert Visconti. This evidence includes, but is not limited to:

- The Dresdner Financial website was established with Go Daddy using the telephone number **312-730-8644**. Phone records revealed that the name listed as the subscriber for this phone number is Robert Visconti.
- The telephone number **312-730-8644** was listed as the contact number on the Dresdner Financial website.
- The defendant, acting as Robert Perello, gave the telephone number **312-730-8644** to co-defendant Lunn as an additional contact number for the defendant.
- The defendant, acting as Bobby Perello, gave the telephone number **312-730-8644** to investor B.M. as his contact number.

3

Robert Visconti is also the subscriber name for another telephone number, **312-823-0969**. This telephone is tied to the defendant in the following ways:

- The defendant's wife, Lorena Lucero, listed **312-823-0969** as her contact number when she purchased a Land Rover in May of 2010.
- Lorena Lucero gave **312-823-0969** as her contact number to co-defendant Lunn.
- Someone using the number **312-823-0969** called the Hollywood Roosevelt Hotel three times on September 24, 2010, while the defendant was staying at this hotel using the alias of Robert Caramanna.

### Western Union, Money Gram, and Cash Delivery

During this scheme, the defendant directed co-defendant Lunn to personally deliver cash to him in Albuquerque, New Mexico; Los Angeles, California; and Las Vegas, Nevada. The defendant also instructed co-defendant Lunn to wire money to him in all three locations via Western Union and/or Money Gram using various names, including his then step-son's and his then step-son's girlfriend's names. The defendant told co-defendant Lunn to wire funds in these other names in amounts under $1,000 so the funds could be picked up using only the answer to a test question and without the need to present identification.

### Rule 404(b) Evidence

**Mr. Doherty**

Between April 2012 and August 2012 – after the conduct alleged in this case but prior to the defendant's December 2014 arrest – the defendant engaged in purported business dealings with British citizen Kevin Doherty. Like co-defendant Lunn, Mr.

4

Doherty made contact with the defendant – then known to him as David Rosenthal – through an internet ad. Mr. Doherty stated that during the course of his involvement with the defendant, the defendant admitted to Mr. Doherty that he used the following aliases: 1) David Rosenthal; 2) Anthony Caramanna ; 3) Robert Visconti, and 4) Vincent Gravino. The defendant ultimately admitted to Mr. Doherty that his real name was Jaime Beebe.

The defendant traveled to London, England, using his real name, and met with Mr. Doherty. Doherty's description of the defendant – to include the fact he has only one eye – matches the description of the defendant with whom co-defendant Lunn dealt and with the defendant in custody on the instant charges.

At the defendant's direction, Mr. Doherty sent money via Western Union and Money Gram to the defendant in Albuquerque, New Mexico. The defendant directed Mr. Doherty to send the money to him in the alias names of Anthony Caramanna and Robert Visconti in amounts which would not require the defendant to produce identification. Mr. Doherty did so, listing his name as the sender on multiple occasions. Western Union records establish that during this time frame of the summer of 2012, funds were wired to the name Anthony Caramanna from other names on numerous occasions. The majority of these wires were in amounts just under $1,000, which amounts could be picked up without identification. The defendant also directed Mr. Doherty to send cash to him in Albuquerque, New Mexico.

**El Alamo Check Cashing**

Employees from El Alamo Check Cashing company will testify to the following: During the summer of 2012, a man using the name Richard Hartford entered an El

Alamo branch in Albuquerque.  The man stated that he had been traveling, lost his wallet that included his identification, and that a friend had wired him money.  The employee contacted the compliance manager and stated that the man looked professional.  The manager told the employee to proceed with the transaction and provide the wired money to the man.  The funds were wired via Western Union.

Approximately 45 minutes later, the employee was on the telephone with a manager at another El Alamo location who stated she needed to assist a customer who had no identification.  The first employee asked that manager if the man looked like the customer named Richard Hartford she had just assisted.  The manager said yes, but that he had provided a different name.  The manager then told the man the transaction could not be completed without identification.

The same man then went to a third El Alamo branch with a California driver's license in the name of Anthony Caramanna that included a picture of the defendant, and was able to receive the wired funds.  The driver's license listed an address of 11542 Wilshire Blvd., #1205, Beverly Hills, CA  90212.  This address, or variations of it, also appears on:

- The address listed in the subscriber information for the **424-354-7193** telephone number in the name of Anthony Caramanna is 11542 Wilshire Blvd., Beverly Hills CA  90212.

- The address listed in the subscriber information for both telephone numbers in the name of Robert Visconti, **312-730-8644**, and **312-823-0969,** is 10342, Apt. 604, Wilshire Blvd., Apt. 1604, Beverly Hills CA 90212.

- The address listed on the Dresdner Financial Letter of Authorization & Representation is 1 Wilshire Blvd., 16th Floor, Los Angeles CA 90017.

**ARGUMENT**

Rule 404(b) precludes using other acts to prove that commission of the charged crime conforms to the defendant's character. Fed. R. Evid. 404(b)(1). But other acts evidence may be admitted to prove "intent, preparation, plan, knowledge, [and] identity," among other purposes. Fed. R. Evid. 404(b)(2). Other acts may be probative to prove the purposes set forth in Rule 404(b) "whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *United States v. Zamora,* 222 F.3d 756, 762 (10th Cir. 2000) (citation omitted). The Rule is one of "inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial." *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014).

The evidence recited above is exactly the sort of evidence for which Rule 404(b) exists. "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue." *Huddleston v. United States*, 485 U.S. 681, 685 (1988) (discussing 404(b) evidence). In this case, the defendant's use of aliases connects him to the crimes charged. "The use of an alias in an indictment and *in evidence* is permissible if it is necessary to connect the defendants with the acts charged." *United States v. Hines,* 955 F.2d 1449, 1454 (11th Cir. 1992) (emphasis added and citation omitted); *United States v. Trice,* No. CRIM. A. 95-124-8, 1996 WL 590839, at *5 (E.D. Pa. Oct. 9, 1996) ("[w]hile testimony relating to the use of an alias may not

be admitted solely to prove the defendant's bad character, it is properly admitted when offered to prove the defendant's identity") (citations omitted).

When the four prerequisites for other acts evidence are met, the evidence must be admitted. *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) ("if the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403.") (citation omitted).

> Those prerequisites are:
>
> (1) the evidence must be offered for a proper purpose under Rule 404(b);
>
> (2) the evidence must be relevant;
>
> (3) the court must determine that, under Rule 403, the probative value of the evidence is not "substantially outweighed by its potential for unfair prejudice"; and
>
> (4) if requested under Rule 105, the court must instruct the jury that the evidence is to be considered only for the purpose for which it was admitted.

*Zamora*, 222 F.3d at 762; *United States v. Joe*, 8 F.3d 1488, 1495 (10th Cir. 1993) (same).

### I. The proffered evidence is admissible under Rule 404(b).

The evidence should be admitted as Rule 404(b) evidence to prove the defendant's 1) intent to defraud investors and avoid detection through the use of aliases; 2) preparation of the scheme by establishing in alias names telephone service

8

for numbers used in the scheme; 3) plan in general of using aliases, and specifically, using the aliases of Anthony Caramanna and Robert Visconti; 4) plan of using Western Union and Money Gram for receipt of funds; 5) knowledge, or consciousness of guilt; and 6) identity.  All of these are proper purposes under Rule 404(b).

### II. The proffered evidence is relevant.

At issue in this case is whether the defendant is the same person known to co-defendant Lunn, affiliates, and investors as Robert Perello, or Bobby Perello -- the founder of Dresdner Financial.  The evidence uncovered in this case described above ties the Perello names to the aliases of Anthony Caramanna and Robert Visconti.  The Doherty and El Alamo evidence ties the aliases of Anthony Caramanna and Robert Visconti to the defendant directly, through in person identification and a driver's license in the name of Anthony Caramanna bearing the defendant's picture.  The defendant acquired instrumentalities for use in commission of the crimes charged by establishing telephone numbers in the aliases of Anthony Caramanna and Robert Visconti.  The relevancy of this evidence cannot be disputed.

The case law supports a finding of relevancy.   The Tenth Circuit has held that "[a] defendant's use of an alias to conceal his identity from law enforcement officers is relevant as proof of consciousness of guilt." *United States v. Glass,* 128 F.3d 1398, 1408 (10th Cir. 1997) (citation omitted); *see also United States v. Burgos,* 94 F.3d 849, 872 (4th Cir. 1996) ("[e]mploying an alias and attempting to conceal identity reinforces the conclusion of the existence of a conspiracy"); *United States v. Disla,* 805 F.2d 1340, 1349 (9th Cir. 1986) (same); *cf. United States v. Moya-Gomez,* 860 F.2d 706, 762 (7th Cir. 1988) ("[w]hen proof of an alias is relevant to identifying the defendant, or otherwise

relates to the proof of the acts charged in the indictment, it is permissible for the prosecution to include it in the indictment"); *United States v. Clark,* 541 F.2d 1016, 1018 (4th Cir. 1976) (same).

In *United States v. Scarborough,* 128 F.3d 1373 (10th Cir. 1997), the court admitted into evidence one of two driver's licenses found on the defendant's person that had the defendant's picture and was in the name of an alias used by the defendant. The defendant argued that this evidence was irrelevant, as the license was issued 19 months prior to the crime, and that its admission was "inordinately prejudicial." *Id.* at 1379. The Tenth Circuit rejected this argument, finding that both licenses "were relevant to linking the defendant to the crime," and therefore, their admission was not an abuse of discretion.

### III. The probative value of this evidence is not substantially outweighed by its potential for unfair prejudice.

The government submits there is no unfair prejudice to the defendant through admission of his own acts which establish his use of aliases and receipt of funds in names other than his own via Western Union and Money Gram.

"Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir. 2008) (citing *United States v. Curtis,* 344 F.3d 1057, 1067 (10th Cir. 2003)). Rather, "[t]o be *unfairly* prejudicial, the evidence must have 'an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Caraway,* 534 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee's note, emphasis in original).

The proffered evidence will not suggest a decision on an improper basis. The defendant has denied knowledge of Dresdner Financial and of the names Robert or Bobby Perello. The evidence detailed above directly pertains to this issue and is therefore not unfairly prejudicial. *See United States v. Diega Delgado,* No. CR 05-920 JB, 2006 WL 1228774, at **4-6 and n. 1 (D. NM Feb. 10, 2006) (ruling under Rule 403 that admission of aliases used by defendant not unduly prejudicial where the aliases were relevant to the defendant's identity as linking him to the criminal conduct at issue, and noting that under Rule 404(b), evidence was "not admissible as propensity evidence, but rather as evidence of the Defendant's identity as the person who acted criminally, as well as the consciousness of the Defendant's guilt").

The probative value of the evidence in this case is much greater than that found in *United States v. Williams,* 923 F.2d 1397 (10th Cir. 1990). There, the defendant argued that the Court abused its discretion in admitting pursuant to Rule 404(b) a traffic ticket issued to the defendant in an alias found in his apartment. The defendant argued that the ticket had minimal probative value as his presence at the apartment was an uncontested fact. *Id.* at 1401-02. The government countered the ticket established the defendant's dominion and control over the apartment "in order to sell drugs, not buy them." *Id.* The Tenth Circuit agreed, finding that "[t]here was sufficient probative value that on balance the evidence was properly admitted." *Id.* at 1402.

### IV. If requested under Rule 105, the court must instruct the jury that the evidence is to be considered only for the purpose for which it was admitted.

If requested, the Court should instruct the jury that it cannot consider the proffered evidence "as proof of criminal disposition or propensity." *United States v.*

11

*Hardwell*, 80 F.3d 1471, 1491 (10th Cir. 1996). In addition, the Court should advise the jury "of the limited purpose for which the evidence was admitted," which in this case at this point is the defendant's intent, preparation, plan, knowledge, and identity.

## CONCLUSION

The government accordingly notifies this Court and the defendant that it intends to introduce at trial other acts evidence regarding the defendant's use of the aliases Anthony Caramanna and Robert Visconti.

Dates this 24th day of November, 2015.

                                  Respectfully submitted,

                                  *s/ Martha A. Paluch*
                                  Martha A. Paluch
                                  Kenneth M. Harmon
                                  Assistant U.S. Attorneys
                                  United States Attorney's Office
                                  1225 17th Street, Suite 700
                                  Denver, CO  80202
                                  (303) 454-0100
                                  Martha.paluch@usdoj.gov
                                  Kenneth.harmon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. David L. Owen, Jr.
davidowen@lodopc.com

Mr. Scott T. Varholak
Scott_varholak@fd.org

Mr. Edward R. Harris
Edward_Harris@fd.org

        s/ *Mariah Tracy*
        MARIAH TRACY
        Legal Assistant
        U.S. Attorney's Office
        1225 17th St., Suite 700
        Denver, CO  80202
        Telephone:  (303) 454-0100
        Fax:  (303) 454-0401
        e-mail: Mariah.Tracy@usdoj.gov