IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  14-CR-00161-REB-2

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**2. JAIME J. BEEBE**,

        Defendant.

___

**DEFENDANT BEEBE'S OBJECTIONS TO THE
PRELIMINARY PRESENTENCE INVESTIGATION REPORT**
___

COMES NOW, JAIME J. BEEBE, by and through his attorney, David L. Owen, Jr., and submits the following objections to the Preliminary Presentence Investigation Report (Preliminary PSIR) filed on March 16, 2016:

1.    Page 24, paragraph 61 - Mr. Beebe objects to the 2 level sentencing guideline enhancement for Sophisticated Mean [U.S.S.G. §2B1.1(b)(10)(C)][1]. The Preliminary PSIR recommends this enhancement be applied because "the defendant intentionally engaged in or caused the conduct constituting sophisticated means, . . " Mr. Beebe submits he neither intentionally engaged in nor caused any conduct which would make this enhancement applicable.

---

[1] **U.S.S.G. refers to the United States Sentencing Guidelines Manual 2015 Edition.**

According to U.S.S.G. §2B1.1 Application Note 9(B) "sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Nothing in Mr. Beebe's intentional conduct could be classified as especially complex or especially intricate. Additionally, the Court, pursuant to the 2015 Amendment 792 to U.S.S.G.§2B1.1(b)(10)(C), must focus exclusively on the defendant's conduct and not whether the overall offense itself involved "sophisticated means."

The statement in the Preliminary PSIR indicating the enhancement for sophisticated means should apply because "the codefendants hid transactions through a fictitious entity (Dresdner); . . . " is not appropriate. Use of an unincorporated business name was not "employing means" to hide the execution or concealment of the offense. Both codefendants openly used the business name Dresdner and it was openly displayed on the internet through the company website, as well as any documents utilized to transact the business which lead to the current charges. Furthermore, all investors understood they were investing with Dresdner.

Utilizing fictitious payee names while transferring money through Western Union or MoneyGram, while on its face looks suspicious, it was not intended to hide any transactions. Mr. Beebe did not have a valid government-issued identification and only by sending money utilizing false names with "secret" answers to validation questions was he able to receive any monies from Mr. Lunn

without Mr. Lunn or Mr. Beebe having to engage in long distance travel. Utilization of false names was also not intended to hide who the ultimate recipient was but simply a playful attempt at making the transactions a game.

Jaimie Beebe never engaged in creating any offshore bank accounts. Mr. Lunn's statement indicating Mr. Beebe directed him to open offshore entities or bank accounts is untruthful and self-serving.[2] Mr. Lunn had all of the investor monies coming directly into his WGC business account at JP Morgan Chase Bank, an account controlled exclusively by Mr. Lunn and which Mr. Beebe did not have access or control, he was not even able to ascertain the account balance. Additionally, all of the offshore accounts were exclusively in Mr. Lunn's name and Mr. Beebe did not have access or control over those accounts.

2.   Page 24, paragraph 63 - Mr. Beebe objects to the 3-level sentencing guideline enhancement for Role in the Offense [U.S.S.G. § 3B1.1.(b)]. Sentencing guideline §3.B.1.1(b) states "If the defendant was a manager or supervisor (but not an organizer or leader) **and the criminal activity involved five or more participants** or was otherwise extensive, increase by 3 levels." (Emphasis added)

The Tenth Circuit Court of Appeals states "The government does not have to prove that defendant controlled five or more participants. Instead, it must prove

---

[2] See Preliminary PSIR, page 11, footnote 8.

that five persons participated in the criminal venture and that **Defendant exercised leadership control** over at least one person.(Emphasis added) *United States v. Cruz-Camacho,* 137 F.3d 1220, 1224 (10th Cir. 1998), citing *United States v. Rodriguez*, 112 F.3d 374, 377 (8th Cir. 1997); *United States v. Valencia,* 44 F.3d 269, 272 (5th Cir. 1995); and *United States v. Dota,* 33 F.3d 1179, 1189 (9th Cir. 1994).

Mr. Beebe submits this is in direct conflict with the plain language of the guideline and an incorrect interpretation of Sentencing Commission's mandate as stated in U.S.S.G.§ 3B1.1, Application Note 1, which defines a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant." Accordingly, there must be 5 or more criminally responsible "participants" for this enhancement to apply to Mr. Beebe.

The Tenth Circuit Court of Appeals also acknowledges "[c]ommentary to sentencing guideline, unless inconsistent with plain language of the guideline, is binding on federal courts." *Cruz-Camacho, footnote 3, Id at 1226.* (citing the Supreme Court of the United States ruling in *Stinson v. United States,* 508. U.S. 36, 42-43, 113 S.Ct. 1913, 1`917-1918 123 L.Ed. 2d 598 (1993)). The Supreme Court further states "that failure to follow the policy statement resulted in a sentence 'imposed as a result of an incorrect application of the sentencing

guidelines' under 18 U.S.C. §3742(f)(1) that should be set aside on appeal unless the error was harmless." Quoting *Williams v. United States,* 503 U.S. 193, 201-203, 112 S.Ct. 1112, 1119-1121. Mr. Beebe submits there were not five or more criminally responsible "participants" involved in this scheme and imposing this enhancement with a finding he was a manager or supervisor of five or more participants would be an incorrect application of the Sentencing Guidelines and as the result would be an increased period of incarceration, the error would not be harmless.

Second, should the Court not agree there must be 5 or more "participants" Mr. Beebe further submits he did not exercised leadership control over anyone in this scheme. Though is was generally believed Bobby Perello (Jaimie Beebe) was the President and Mr. Lunn was Vice President of Dresdner Financial all of the affiliates and investors sought direction and guidance from Mr. Lunn.

Evidence of Mr. Lunn's exclusive control over any monies received by Dresdner, and evidence of Mr. Beebe's nonexistent direction or control, includes Mr. Lunn giving $1,005,318.00 to three professional escorts in Las Vegas, Nevada and Mr. Lunn's return of $1,150,000.00 to three sets of investors all without Mr. Beebe's knowledge. Mr. Beebe submits that Mr. Lunn independently opened any off-shore entities and bank accounts with the specific intent to hide money from him.

Other evidence that Mr. Beebe was not a manager or supervisor was Mr. Lunn's statement to Darlene Bishop that Bobby Perello was no longer involved with Dresdner (Bates No. FBI 00000778). This indicates it was actually Mr. Lunn who controlled the operation of the Dresdner Financial scheme and that Mr. Beebe did not exercise any control over the operations or personnel of this criminal activity.

Respectfully submitted this 8th day of September, 2016.

/s/ David L. Owen, Jr.
DAVID L. OWEN, JR. #39669
Law Office of David L. Owen, Jr.,P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
FAX: (720) 242-8907
davidowen@lodopc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, I electronically filed the foregoing **DEFENDANT BEEBE'S OBJECTIONS TO THE PRELIMINARY PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Kenneth Harmon - kenneth.harmon@usdoj.gov

USPO Kyla Hamilton - kyla_hamilton@cod.uscourts.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jaimie J. Beebe - hand delivered

/s/ David L. Owen, Jr.
DAVID L. OWEN, JR.
Law Office of David L. Owen, Jr. P.C.
718 Huntington Place
Highlands Ranch, CO 80126-4730
Telephone: (303) 993-7092
davidowen@lodopc.com
Attorney for Defendant