AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| 1. GEOFFREY H. LUNN | )   Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records - Edward Jones & Co.
       12555 Manchester Road, St. Louis, MO 63131

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

       *(SEAL)*

Date:   _____

                                                        *CLERK OF COURT*

                                                        _____
                                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   __United States of America__
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

**EXHIBIT A**

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                       _____
                                                   *Server's signature*

                                         _____
                                                   *Printed name and title*

                                         _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Edward Jones & Co
12555 Manchester Road
St.Louis, MO  63131

For the account in the name of Robert T Bobbitt Jr which sent the attached wire transfer on July 21, 2010 for $9,000, provide the following for the time period 5/1/2010 – 7/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

26

Browse /PNC/CRP/FTS/M001/R14501                          Page 1 of 2

```
.RN REF #: 20100721-00006507
----------------------------------------------------------------------
   **** MESSAGE ENVELOPE ****          ( Bank : 070 )

                                       SND DATE: 10/07/21
                                            EXT:
SRC:FED CALLER:

RPT#          AMT:9,000.00          CUR:USD RATE: 1.            TRDR#
TEST/ DUE:                      TYP:FTR/   FNDS:S CHG:DB:N CD:Y COM:N CBL:N
----------------------------------------------------------------------
*DBT A/091000022                    CDT *D/██████.637       ADV:LTR
DEBIT VAL: 10/07/21                 CREDIT VAL: 10/07/21
AMT:9,000.00 CUR:USD                AMT:9,000.00 CUR:USD
GL RECON: 070                       GL RECON: 071
DEPT:1920                           GRASS ROOTS LLC
U.S. BANK,N.A.                      16100 SWINGLEY RIDGE RD
ST PAUL, MN                         CHESTERFIELD            MO 63017
                                    BNF:/██████.637      CHG:  BK?N
SNDR REF NUM:100721000112           GRASS ROOTS LLC
ORDERING BNK:/000104774240055
EDWARD D JONES AND CO WIRE ACCT
12555 MANCHESTER RD                 ORIG TO BNF INFO:
ST LOUIS,MO, 63131                  ██████530
ORIG:/NA
EDWARD JONES SENDING FUNDS FOR ROBE
RT T BOBBITT JR
                          ROCH
ESTER          MI 48309
REF NUM:██████0112

      **** MESSAGE TEXT ****

{1100} Message Disposition:
       Format Version:              02 (New expanded format)
       Test Production Code:        P  (Production)
       Msg Duplication Code:           (Original incoming msg)
       Msg Status Indicator:        N  (Incoming msg)

{1110} Acceptance Timestamp:
       Date:                        07/21
       Time:                        08:30
       Application Id:              FT01

{1120} OMAD:
       Output cycle date:           2010/07/21
       Output Destination Id:       D3B74VBC
       Output sequence number:      000426
       Output date:                 07/21
       Output time:                 08:30
       Output application Id:       FT01

{1510} Type/Subtype Code:
       Type Code:                   10 (Transfer of funds)
       Subtype Code:                00 (Regular transfer)

{1520} IMAD:
       Input Cycle date:            2010/07/21
       Input Source id:             I1Q73AGC
       Input Sequence number:       000022

{2000} Amount:                      $9,000.00

{3100} Sending Bank:
       ABA number:                  091000022
       Short name:                  US BANK MINNESOTA
       ABA lookup (AUX):            U.S. BANK,N.A.
                                    ST PAUL, MN

{3320} Sender Reference:            ██████0112

{3400} Receiving Bank:
       ABA number:                  041000124
       Short name:                  PNC BK CLEVELAND
       ABA lookup (REL):            NATIONAL CITY BANK
                                    CLEVELAND, OH
```

(3600) Business Function Code:        CTR (Customer transfer)

(4100) Beneficiary's Bank:            /
                                      PNC BANK NA OF CLEVELAND OH     CLEV
                                      ELAND                    OH

(4200) Beneficiary:                   D/████████637
                                      GRASS ROOTS LLC

(4320) Reference for Beneficiary:     ████████0112

(5000) Originator:                    D/NA
                                      EDWARD JONES SENDING FUNDS FOR ROBE
                                      RT T BOBBITT JR
                                      ████████████            ROCH
                                      ESTER           MI 48309

(5100) Originator's Bank:             D/████████0055
                                      EDWARD D JONES AND CO WIRE ACCT
                                      12555 MANCHESTER RD
                                      ST LOUIS,MO, 63131

(6000) Originator to Beneficiary Info: ████5530

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Custodian of Records - JP Morgan Chase Bank
      1675 Broadway, #1200, Denver, CO
_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |
| | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
                                  *Signature of Clerk or Deputy Clerk*

_____
The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United States of America
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                    _____

                                             *Server's signature*

                                  _____

                                           *Printed name and title*

                                  _____

                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
JPMorgan Chase Bank
1675 Broadway #1200
Denver, CO

For account # ████2191, possibly in the name of Michael Bertucci or Richest Dad Investments,
provide for the time period 9/1/2010 – 11/30/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)
6. all debits or credits greater than $4,999.99 with corresponding debit or credit offset

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

## for the

### District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| _____Defendant_____ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Custodian of Records - Midland States Bank as acquiring financial institution of WestBridge Bank and Trust
100 Garfield Street, Denver CO

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |
| | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   **United States of America**
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                *Server's signature*

                                                         _____
                                                                *Printed name and title*

                                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Midland States Bank as acquiring financial institution of WestBridge Bank and Trust
100 Garfield Street
Denver, CO


For account #███747 in the name of Mark D. Scheller provide for the time period 5/1/2010 – 7/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| United States of America | ) |
|---|---|
| v. | ) |
| 1. GEOFFREY H. LUNN | ) Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Custodian of Records - Midwest Bank Centre
3207 Meramec Street, St. Louis, MO 63118

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

     Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date:  _____

                   *CLERK OF COURT*

                                            *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United States of America , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

   **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

   **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

   **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

   **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

   **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Midwest Bank Centre
3207 Meramec Street
St. Louis, MO 63118

For the attached cashier's check #057647 provide:

1. all records associated with the purchase of cashier's check #057647 for $15,000 on July 19, 2010 to include but not limited to:

    a. the source of the funds to purchase the cashier's check #057647. If the source of funds was from an account at Midwest Bank Centre, provide
        i. the signature card of the account
        ii. account statements covering 5/1/2010 – 7/31/2010
        iii. all deposit slips & deposited items greater than $4,999.99

    b. all records of any other transactions that were purchased with the same source of funds. Other transactions could include but are not limited to:
        i. purchase of other cashier's checks. Include all the documents related to the purchase as well as a copy (front & back) of the negotiated cashier's check
        ii. cash out tickets
        iii. deposit of funds into a Midwest Bank Centre bank account. Include a copy of the signature card to the account where the funds were deposited.
        iv. Outgoing wire transfer. Include a copy of the wire transfer request completed by the customer.

    c. Any records showing the identity, date of birth, driver's license, or any other identifying information of the individual who conduct the transaction purchasing cashier's check #057647.

057647

**MIDWEST BANK CENTRE**
Member, FDIC and Federal Reserve System

Date: 7/19/10
Branch: 1009

REMITTER: ALISHA A JACOBS-TAYLOR

PAY TO THE
ORDER OF ___ GRASS ROOTS

EXACTLY **15,000 AND 00/100 DOLLARS          $          $15,000.00

**CASHIER'S CHECK**

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED OR STOLEN.

071910 450  01 0047
071910 00000040

⌐000005764 7⌐

---

CHECK/NG HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

X031000053< PNC BANK NA
8800 TINICUM PH PA 19153
07/19/10      19      0277
4335765571

FEDERAL RESERVE BOARD OF GOVERNORS

---

**Posting Date**      2010 Jul 19

**Account Number**   0

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records - Navy Federal Credit Union
 820 Follin Lane, Vienna, VA 22180-4907

_____
*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |
| | |
| | |

     Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date:   _____

                                   *CLERK OF COURT*

                              _____
                                   *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United States of America
_____ , who requests this subpoena, are:

 Kenneth M. Harmon, Assistant U.S. Attorney
 1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Navy Federal Credit Union
820 Follin Lane
Vienna, VA 22180-4907

For account, possibly in the name of Brian Bellamy Bules, which sent the attached wire transfer on October 5, 2010 for $10,000, provide for the time period 8/1/2010 – 10/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

From:   BBVA Compass          To: 855,494643,9,13342896770  Tuesday, October 05, 11:38:22 2010

```
          I N C O M I N G   F U N D S   T R A N S F E R
              FACSIMILE  TRANSACTION  RECEIPT
```
10/6/10
M

```
==============================================================
```
Dear ROBERTSON BANKING COMPANY

Fax Number: 13342896770

This facsimile receipt serves as immediate notification of the following Funds Transfer Transaction
that will be CREDITED to your account #█████1066

```
        ~ ~ ~ ~ ~ ~ ~ ~   Incoming Funds Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~
```

| | |
|---|---|
| Beneficiary: | BRIAN BELLAMY BULES ✓ |
| Beneficiary Addr: | ████████ |
| | VESTAVIA AL35216 |
| Beneficiary ID: | ████8684 ✓ |
| Ref For Beneficiary: | ███████00942 |

Amount: $10,000.00 ✓

Sender:
| | | |
|---|---|---|
| Name | NAVY FCU WASH | ✓ |
| ABA # | 256074974 | ✓ |
| Reference # | ████████0942 | |
| Received from | NFCU | |
| By Order Of | BRIAN BELLAMY BULES | ✓ |

Receiver:
| | |
|---|---|
| Name | COMPASS BANK |
| ABA # | 062001186 |
| Confirmation # | 20101005F2QCZ60C00148010051237FT01 |

Intermediary Bank      :

Beneficiary Bank       :  ROBERTSON BANKING CO DEMOPOLIS AL

Reference for Beneficiary :  ████████0942

Originator to Beneficiary :  SVGS

Bank to Bank Information  :

Instructing Bank       :  NFCU

```
        ~ ~ ~ ~ ~ ~ ~ ~   END Wire Transfer Information   ~ ~ ~ ~ ~
```

✓

ROB_00000009

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| 1. GEOFFREY H. LUNN | )   Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Custodian of Records - Renasant Bank
     221 East Washington Street, Kosciusko, MS 39090

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United States of America
_____, who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____          on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Renasant Bank
221 East Washington Street
Kosciusko, MS  39090

For the Merchant & Farmers Bank account in the name of Churee Bules, possibly account #███1038, which sent the attached wire transfer on or about October 5, 2010 for $20,000, provide for the time period 8/1/2010 – 10/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

45

From:   BBVA Compass          To: 855,494643,9,13342896770  Tuesday, October 05, 15:52:27 2010

### INCOMING FUNDS TRANSFER
#### FACSIMILE TRANSACTION RECEIPT

10/6/10
m

Dear ROBERTSON BANKING COMPANY

Fax Number: 13342896770

This facsimile receipt serves as immediate notification of the following Funds Transfer Transaction
that will be CREDITED to your account #■■■1066

~ ~ ~ ~ ~ ~ ~ ~   Incoming Funds Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~

Beneficiary:       BRIAN BULES
Beneficiary Addr:  SAME

Beneficiary ID:    ■■684
Ref For Beneficiary:

Amount: $20,000.00

Sender:
    Name           MERCH & FRMRS MS
    ABA #          084201621
    Reference #    ■■1038
    Received from
    By Order Of    CHUREE BULES

Receiver:
    Name           COMPASS
    ABA #          062001186
    Confirmation # 20101005F2QCZ60C00287010051652FT01

Intermediary Bank      :

Beneficiary Bank       :

Reference for Beneficiary :

Originator to Beneficiary :

Bank to Bank Information  :  (6500)ROBERTSON BANKING CO■■1342*

Instructing Bank       :

~ ~ ~ ~ ~ ~ ~   END Wire Transfer Information   ~ ~ ~ ~ ~

ROB_00000011

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Custodian of Records - State Farm Investment Management Corporation
     One State Farm Plaza, Bloomington, IL 61710

*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

        Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date:  _____

                                        *CLERK OF COURT*

                                        _____
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    United States of America
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
 1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

## Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

     ❏ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

     I declare under penalty of perjury that this information is true.

Date: _____

                                         _____

                                                   *Server's signature*

                                         _____

                                                   *Printed name and title*

                                         _____

                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
State Farm Investment Management Corporation
One State Farm Plaza
Bloomington, IL  61710

For the account(s), possibly #███3127 and #███3125, which sent the three attached electronic deposits on October 6, 2010 for $1,238.68, $4,914.28, and $8,858.83, provide for the time period 8/1/2010 – 10/31/2010:

1. All signature cards and opening account documents which identifies the owner of the account, their contact information (mailing address, phone numbers, email addresses, etc.), and their identifying information (date of birth and social security number)
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire / electronic transfer reports (Fedwire, CHIPS, ACH etc.)
5. all outgoing wire / electronic transfer reports (Fedwire, CHIPS, ACH etc.) to include documentation showing customer authorization for the wire transfer(s)

u5


**ROBERTSON**
**BANKING COMPANY**

Date  10/29/10        Page    1
Primary Account
Customer Number      ████ 3684
                     R000088

CYNTHIA S RICE
OR KENNY RICE
OR BRIAN BULES
████████████
GALLION AL  36742-████

**DEPOSITS AND OTHER CREDITS**
Date......Description....................................Amount........Reference

| 10/06 | INVESTMENT SFIMC ████0579  10/06/10 ID #-████3127 TRACE #-021000026933016 | 1,238.68 |
| 10/06 | INVESTMENT SFIMC ████3757  10/06/10 ID #-████3127 TRACE #-021000026933052 | 4,914.28 |
| 10/06 | INVESTMENT SFIMC ████0852  10/06/10 ID #-████3125 TRACE #-021000026933078 | 8,858.83 |

ROB_00000004

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records - TD Bank, NA
        2461 Main Street, Suite 1, Glastonbury, CT

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_(SEAL)_

Date:   _____

_CLERK OF COURT_

_____
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   __United States of America__
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
TD Bank NA
2461 Main St Ste 1
Glastonbury, CT

For account #████████7116 in the name of US International Consulting Network Corp (see attached), provide:

1. All signature cards and opening account documents identifying the owners of this account

2. For the two "Treasury Direct Credit" deposits of $60,000 each on October 27, 2010 and October 28, 2010, provide all records identifying the source of the deposits (bank, bank account, sender/owner of funds etc.) to include but not limited to

   a. incoming wire transfer records
   b. deposit slips and deposited items
   c. bank account transfer debit and credit tickets
   d. cash in tickets
   e. any other documents identifying the source of the deposit

54



STATEMENT OF ACCOUNT

US INTERNATIONAL CONSULTING NETWORK CORP

| | |
|---|---|
| Page: | 3 of 5 |
| Statement Period: | Oct 01 2010-Oct 31 2010 |
| Cust Ref #: | ██████████720-1-*** |
| Primary Account #: | ██████7116 |

## ACCOUNT ACTIVITY

Transactions by Date (continued)



| DATE | DESCRIPTION | DEBIT | CREDIT | BALANCE |
|---|---|---|---|---|
| 10/27 | TREASURY DIRECT CREDIT | | 60,000.00 | 65,778.38 |
| 10/27 | WIRE TRANSFER OUTGOING WGC GROUP, INC. | 60,000.00 | | 5,778.38 |
| 10/27 | ELECTRONIC PMT-WEB PAYPAL      TRANSFER SBY224HVUVZGY | 100.00 | | 5,678.38 |
| 10/28 | TREASURY DIRECT CREDIT | | 60,000.00 | 65,678.38 |

TDB_00000038

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Custodian of Records - USAA Federal Savings Bank
     10750 McDermott Freeway, San Antonio, TX 78288-9876

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
                    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    United States of America
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-9876

For the account in the name of Jonathan M Edradan which sent the attached wire transfer on October 6, 2010 for $30,000, provide for the time period 8/1/2010 – 10/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

BBVA Compass        To: 855,494643,9,13342896770   Tuesday, October 05, 16:43:47 2010

### INCOMING FUNDS TRANSFER
#### FACSIMILE TRANSACTION RECEIPT

10/7/10
/M

Dear ROBERTSON BANKING COMPANY

Fax Number: 13342896770

This facsimile receipt serves as immediate notification of the following Funds Transfer
Transaction
that will be CREDITED to your account #▓▓▓▓▓1066

~ ~ ~ ~ ~ ~ ~ ~   Incoming Funds Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~ ~

Beneficiary:         BRIAN BULES ✓
Beneficiary Addr:    ▓▓▓▓▓▓▓▓▓▓▓
                     HOOVER AL 35216

Beneficiary ID:      ▓▓▓0684 ✓
Ref For Beneficiary:

Amount: $30,000.00 ✓

Sender:
        Name         USAA FEDERAL SAVIN ✓
        ABA #        314074269 ✓
        Reference #  ▓▓▓▓▓▓0010
        Received from USAA FEDERAL SAVIN
        By Order Of  JONATHAN M EDRADAN ✓

Receiver:
        Name         COMPASS BANK
        ABA #        062001186
        Confirmation # 20101005F2QCZ60C00245210051530FT01

Intermediary Bank      :

Beneficiary Bank       :  ROBERTSON BANKING CO

Reference for Beneficiary :

Originator to Beneficiary :

Bank to Bank Information  :

Instructing Bank       :

~ ~ ~ ~ ~ ~ ~   END Wire Transfer Information   ~ ~ ~ ~ ~

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. GEOFFREY H. LUNN | ) | Case No.  14-cr-00161-REB |
| 2. JAMIE J. BEEBE | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records - Wells Fargo Bank, NA
2700 S. Price Road, Chandler, AZ 85248

*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment.

| Place: | Date and Time: |
|---|---|
| | |

        Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date:   _____

                                *CLERK OF COURT*

                                _____
                                *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United States of America
_____ , who requests this subpoena, are:

Kenneth M. Harmon, Assistant U.S. Attorney
1801 California Street, Suite 1600, Denver, CO 80202  kenneth.harmon@usdoj.gov  303-454-0100

## Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   14-cr-00161-REB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                        *Server's signature*

                                                                   _____
                                                                        *Printed name and title*

                                                                   _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Custodian of Records
Wells Fargo Bank NA
2700 S. Price Road
Chandler, AZ  85248

For the account in the name of Boyet Partners LLC, possibly account # ▇▇▇▇ 386, which sent the attached wire transfers for $45,800 on July 13, 2010 and $12,050 on July 15, 2010, provide for the time period 5/1/2010 – 7/31/2010:

1. All signature cards and opening account documents
2. monthly account statements
3. all deposit slips and deposited items greater than $4,999.99
4. all incoming wire transfer reports (Fedwire, CHIPS, etc.)
5. all outgoing wire transfer reports (Fedwire, CHIPS, etc.) to include documentation showing customer authorization for the wire transfer(s)

Statement Period: July 1 through July 30, 2010
Account Number: ██████8930

☐ **Account Activity**

| Date Posted | Description | Reference # | Debits | Credits | Daily Balance |
|---|---|---|---|---|---|
| 07/13 | Wire Type:Wire In Date: 100713 Time:1218 Et Trn:2010071300152568 Seq:2010071300034610/009151 Orig:Boyet Partners Llc ID:00000█████1388 Snd Bk: Wells Fargo Bank, Na ID:███████0248 Pmt Det:Fw630081 94736323 Phn/858 472-4392 | | | $ 45,800.00 | |
| 07/13 | Processing Fee For Money Tfr-CA Trn: 100713-152568 | | $ 12.00 | | |
| 07/15 | Wire Type:Wire In Date: 100715 Time:1152 Et Trn:2010071500173264 Seq:2010071500037170/012960 Orig:Boyet Partners Llc ID:00000█████1388 Snd Bk: Wells Fargo Bank, Na ID:███████0248 Pmt Det:Fw630081 95315833bank Address - 16849 Bernardo Center Drive | | | $ 12,050.00 | |
| 07/15 | Processing Fee For Money Tfr-CA Trn: 100715-173264 | | $ 12.00 | | |

California

BOA_00000169