**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    GEOFFERY H. LUNN, and
2.    JAIME J. BEEBE,

      Defendants.

**STATUS REPORT**

The United States of America, by and through its undersigned counsel, in accordance with the Court's Order of April 15, 2016 (DE 179),[1] respectfully files this status report in anticipation of the May 23, 2017 consolidated hearing on the final determination of issues pertaining to restitution and forfeiture, including victim losses pertinent thereto.

The government's status report follows:

**I.    Background**

On May 14, 2015, defendant Lunn, pursuant to a written plea agreement, entered guilty pleas to one count of wire fraud (Count 8) and one count of engaging in monetary transactions in property derived from specified unlawful activity (Count 41) in the second superseding indictment in this case (DE 81, 82). These offenses of conviction arose from a common fraudulent scheme, relating to purported high yield investment programs offered through a bogus

---

[1] "DE" refers to docket entries in this case.

1

financial institution called Dresdner Financial, and undertaken by the defendants Lunn and Beebe together. As related in the plea agreement, the defendants, pursuant to this scheme, raised in excess of $5.8 million from a combination of 72 individual investors or groups of investors, of which 61 individual investors or groups of investors suffered collective losses totaling approximately $5,124,795[2] (DE 82, Plea Agreement, Part I, ¶ C.1; Part V, ¶¶ B, J, U). Under his plea agreement with the government, defendant Lunn agreed to criminal forfeiture in the form of a money judgment and specific property in a total amount not exceeding these collective losses and to restitution in particular amounts to specific victims to be determined by the Court at the time of sentencing (id. at Pt. I, ¶¶ B, C.1).

On January 19, 2016, pursuant to his own written plea agreement, defendant Beebe entered a guilty plea to a separate wire fraud count of the second superseding indictment arising from the same fraudulent scheme (Count 23), (DE 142, 144, 145). Defendant Beebe's plea agreement, in support of his wire fraud guilty plea, relied on substantially the same body of stipulated facts as set forth in Lunn's plea agreement; identified the same collective losses to Dresdner Financial investors as had been set forth in the Lunn plea agreement; and identified substantially the same restitution and forfeiture obligations for Beebe as had been identified for Lunn (DE 82, 145).

On February 10, 2017, the government submitted a status report concerning its efforts, as of that date, to ascertain victims entitled to restitution and their restitution amounts, together with a request, pursuant to 18 U.S.C. § 3664(d)(5), to defer final determination as restitution and

---

[2] This number was confirmed in both defendants' Pre-Sentence Investigation Reports (DE 191 at ¶ 55; DE 193 at ¶ 53). This amount may differ from the ultimate restitution calculation.

forfeiture to a consolidated sentencing hearing to take place following individualized sentencing proceedings with respect to each of the defendants in this case (DE 219).

The Court, in connection with conducting further sentencing proceedings with respect to both defendants, considered the government's status report and granted its request to defer final determination of forfeiture and restitution until a consolidated hearing set for May 23, 2017. The Court directed the government and/or the United States Probation Office to, seventy five days after the hearings held on February 22, 2017, submit to the Court a further report detailing the ascertainable losses of victims and afforded the defendants the opportunity to file written response to that report within ten days thereafter.  (DE 224-25, 238).   The United States files this status report accordingly.

## II.     Restitution Investigation Summary

Efforts to identify fully and with certainty the individuals and entities who were the real investors in the scheme – and not simply conduits for the investment funds and proxies for the owners of the funds – have been laborious and ongoing.   The United States Attorney's Office is coordinating these efforts with the Probation Office.   The charts attached as Exhibit 1 (Lunn Restitution) and Exhibit 2 (Beebe Restitution) outline current information on the losses that have been ascertained as well as the losses that have yet to be ascertained.[3]

Contact information on putative victims was not always current or available in the underlying investigation of the scheme.    In order to better ascertain victim identities and contact information, staff at the United States Attorney's Office reviewed notes of the investigating

---

[3] Exhibits 1 and 2 should be considered an updated version of the restitution charts submitted in both defendants' Presentence Investigation Reports (DE 191, pp. 16-24; DE, pp. 16-23).

3

agents and bank records, and conducted database searches on putative victims.    Upon obtaining reliable contact information, staff attempted to contact and interview each putative victim. These interviews assisted in confirming sources of funds and identities of other potential victims.

In September and December, 2016,[4] the government sent form documents, entitled Declarations of Loss, to 23 putative victims in order to elicit from them further evidence and information needed to confirm the source of their investment funds. These form declarations sought from the putative victims the stated timeframe and other details of their investments in the scheme.   The recipients of these form declarations were asked, in particular, to provide the nature and source of their investment and information on any monies they recouped from the investment.   They were asked to complete and return the form declarations to the United States Attorney's Office by January 31, 2017.   To date, the government has received only six signed declarations.   Three declarations were returned as undeliverable, and 14 declarations remain outstanding.

In January, February, and March of 2017, FBI attachés assigned to countries in which the international victims were believed to reside attempted to contact potential international victims. The attachees interviewed victims they were able to locate, and sent notes of interviews to the U.S. Attorney's Office.

In its February 10, 2017 status report, the government indicated that its efforts to identify victims and their losses were ongoing and involved further investigation which would entail acquiring and analyzing additional records.   The government indicated that, in order to acquire

---

4 Domestic declarations were mailed in September. International declarations were mailed in December after coordination with the Office of International Affairs.

these records, it anticipated moving the Court, pursuant to Fed.R.Crim.P. Rule 17(c), for the permission to issue subponeas *duces tecum* requiring records production in advance of a final restitution and forfeiture hearing.   (DE 219).   On April 13, 2017, the Government moved for the Court to issue subpoenas to ten financial institutions to aid in its victim loss investigation.   (DE 242).   The Court granted the motion and issued the subpoenas on April 17, 2017.   (DE 243).

To date, all ten financial institutions have produced the records pursuant to the Court's subpoenas.   Although the subpoenas have aided in the ascertainment of victim loss, there are still several undetermined victims and loss amounts.

Based on information from the above efforts, 61 of the 72 investor groups' losses, totaling **$3,922,935**, have been fully ascertained and confirmed.[5]   Ex. 1, 2.[6]   The victims and losses for 11 of the investor groups are yet to be ascertained.   *Id*.   The United States intends to continue its investigative efforts, including repeating attempts to interview relevant persons, and will file an updated status report accordingly.

### III.   Conclusion

As set forth above, the government's efforts to ascertain victims' identities and losses has progressed significantly, and is nearly complete.   Should the government obtain further relevant information prior to the May 23, 2017 hearing, it will file an updated status report.

---

[5] 18 of the 61 fully ascertained investor groups were deemed excluded from restitution due to no loss, no contact information, deceased investors, and/or uncooperative investors. See 18 U.S.C. § 3664(g)(1) ("No victims shall be required to participate in any phase of a restitution order.")
[6] The total loss for Defendant Lunn is higher than that of Defendant Beebe because Defendant Lunn had an additional individual victim, his mother-in-law, Geraldine Kowalczyk, whose loss totaled $81,000. Ex. 1.

Dated: May 8, 2017

        Respectfully submitted,

        ROBERT C. TROYER
        Acting United States Attorney


        s/ Elizabeth M. Froehlke
        ELIZABETH M. FROEHLKE
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0126
        E-mail: elizabeth.froehlke@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 8, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Harris
Edward_harris@fd.org

and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand- delivery, etc.) indicated above the nonparticipant's name:

Jaime Beebe
FCI Englewood
9595 W. Quincy Ave
Littleton, CO 80123
Fed Register # is 79601-051

                                                      s/Elizabeth M. Froehlke
                                                      United States Attorney's Office