IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.     JAIME J. BEEBE,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT**
_____

COMES NOW the United States of America, by and through Acting United States Attorney Robert C. Troyer and Assistant United States Attorney Elizabeth M. Froehlke, moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment as to defendant Jaime J. Beebe in this case. In support, the United States submits the following:

**MEMORANDUM OF LAW**

I.    **Statement of Facts**

    1.    On March 25, 2015, the United States charged defendant, Jaime J. Beebe, by Second Superseding Indictment with Wire Fraud, Interstate Transportation of Fraudulently Obtained Property, and Engaging in Monetary Transactions in Criminally Derived Property, as well as Conspiracy to Commit Wire Fraud and to Transport Money Taken by Fraud, all in violation of 18 U.S.C. §§ 1343, 2314, 1957, 2 and 18 U.S.C. §

1

371, respectively.   (Doc. 67).

2. The Second Superseding Indictment also contained a forfeiture allegation, providing the defendant with notice that the United States, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture in the amount of proceeds obtained through the wire fraud scheme.

3. On January 19, 2016, the United States and defendant Jaime J. Beebe entered into a Plea Agreement, in which defendant Jaime J. Beebe agreed, *inter alia*, to plead guilty to Count 23 of the Second Superseding Indictment, charging wire fraud violation of 18 U.S.C.  § 1343.  (Doc. 145).

4. In his plea agreement, Beebe also agreed to forfeit to the United States his interest in all proceeds obtained by the defendant and the scheme, including a money judgment in the amount of $5,124,795.00, representing the proceeds obtained through the wire fraud scheme less any returns to the victims.  (Doc. 145).

5. On April 15, 2016, the Court entered an order partially consolidating the sentencings of Defendant Beebe and co-defendant Lunn, and ordering that after other sentencing issues had been addressed, all remaining issues concerning restitution and forfeiture as to each defendant would be addressed in a final joint and consolidated hearing.  (Doc. 179).  That restitution and forfeiture hearing is set for May 23, 2017.  (Docs. 224, 225).

## II. Legal Argument

### A. Legal Authority

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),[1] the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1343.

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as soon as practicable after a plea of guilty.

### B. Forfeiture Money Judgment

Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

As set forth in the Plea Agreement, between February 2010 and February 2011, Jaime J. Beebe, and others participated in a fraudulent investment scheme through use of a fictitious business, which raised more than $5.7 million from investors throughout the United States and foreign countries. None of this money was invested despite promises to investors. The defendant and United States agree that $5,124,795.00 represents the amount of proceeds obtained, directly or indirectly, as a result of the

---

[1] Title 28, United States Code, section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire Fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961.

count of conviction minus the returns of principal investment amounts to the victims. This forfeiture money judgment should be joint and several with co-defendant Geoffrey H. Lunn, as they collaborated to collect through fraud over $5.8 million from investors. (Doc. 145).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Forfeiture Money Judgment tendered herewith, for the reasons set forth above.

DATED this 22nd day of May, 2017.

>Respectfully submitted,
>
>ROBERT C. TROYER
>Acting United States Attorney
>
>By: s/ *Elizabeth M. Froehlke*
>Elizabeth M. Froehlke
>Assistant U.S. Attorney
>U.S. Attorney's Office
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: elizabeth.froehlke@usdoj.gov
>*Attorney for the United States*

5

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Harris
Edward_Harris@fd.org


and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated above the nonparticipant's name:

Jaime Beebe
FCI Englewood
9595 W. Quincy Ave
Littleton, CO 80123
Fed Register # is 79601-051