**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  GEOFFREY H. LUNN, and
2.  JAIMIE J. BEEBE,

    Defendants.

## RESTITUTION ORDER

**Blackburn, J.**

    The matter is before me for entry of an order for restitution. On motion [#175] of the government, I entered an order [#179] deferring the issue of restitution, pending further hearing. I held a restitution hearing on May 23, 2017.

    Having reviewed the record and apposite law; having judicially noticed all relevant adjudicative facts of record; having considered, but not necessarily accepted, all facts presented, reasons stated, arguments advanced, and authorities cited by the parties, and having reviewed the evidence, *i.e.*, Government's Exhibit 1, educed during the hearing, I enter the following findings of fact, conclusions of law, and orders.

    In their respective plea agreements, both defendants agreed in relevant part as follows:

> The parties agree that restitution is mandatory in this case.   The defendant agrees that, although he is entering a guilty plea only to one count of wire fraud, restitution due and owing from him should be

    calculated and based on all of the losses associated with the entirety of his conduct and the charged fraudulent scheme, and is not limited to losses associated solely with respect to any particular victim connected to the wire transaction identified in Count [8 & 23] of the Second Superseding Indictment. The defendant agrees, moreover, that he should be subject to an order of restitution, in particular, for all losses of principal of all those investors who lost money as a result of the charged fraudulent scheme and its related conduct. The parties currently estimate that such losses to investors collectively total approximately $5,124,795. The specific victims entitled to restitution and the particular amounts owed to them in restitution shall be determined by the Court at sentencing.

(*See* Lunn plea agreement [#82] at 2-3; and Beebe plea agreement [#145] at 2).

    The victims of the criminal conduct of the defendants are as identified in Government's Exhibit 1. As a proximate result of the defendants' criminal conduct the identified victims have suffered the pecuniary losses as stated for each victim in Government's Exhibit 1.

    The Mandatory Victim Restitution Act of 1996 applies; thus, under 18 U.S.C. §§ 3556, 3663A, and 3664, and USSG §5E1.1, I must order restitution for the benefit of the identified victims, payable in care of the clerk of the court in full in the amount of $3,922,935 by defendant Lunn and $3,841,935 by defendant Beebe, which amounts are to be paid immediately by each defendant jointly and severally with the other defendant, except that defendant Lunn, but not defendant Beebe, is solely responsible to pay restitution of $81,000 to defendant Lunn's mother-in-law Geraldine Kowalzyck. If restitution is not paid immediately, then it shall be paid in monthly installments of not less than ten percent (10%) of each defendant's respective monthly income as determined and directed by the probation department. In formulating a condign payment schedule, I considered and applied to the circumstances of each defendant the factors prescribed and enumerated at 18 U.S.C. § 3664(f)(2)(A)-(C). Neither defendant has the

present or prospective financial ability to pay interest on restitution.  **THEREFORE, IT IS ORDERED** as follows:

    1. That the defendant, Geoffrey H. Lunn, shall pay restitution in the amount of $3,922,935 in care of the clerk of the court;

    2.  That the defendant, Jaimie J. Beebe, shall pay restitution in the amount of $3,841,935 in care of the clerk of the court;

    3.  That restitution shall be paid to the victims in the amounts stated in Government's Exhibit 1;

    4.  That restitution shall be paid by each defendant jointly and severally with the other defendant; except that defendant, Geoffrey H. Lunn, but not defendant, Jaimie J. Beebe, shall be solely responsible to pay restitution of $81,000 to defendant Lunn's mother-in-law Geraldine Kowalzyck;

    5.  That if not paid immediately, restitution shall be paid by each defendant during his term of incarceration and during his term of supervised release in monthly installments of not less than ten percent (10%) of his monthly income;

    6.  That if the defendant makes a partial payment, each victim shall receive an approximately proportioned payment; however, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid;

    7.  That interest on restitution is waived; and

    8. That the judgment [#228] entered February 23, 2017, for defendant Lunn, and the judgment [#239] entered March 23, 2017, for defendant Beebe, shall be amended to include the foregoing orders relating to restitution.

Dated May 24, 2017, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge