IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 14-cr-00161-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JAIMIE J. BEEBE,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**Blackburn, J.**

The matter before me is the pro se **"Motion for Compassionate Release (3582)"** [#285],[1] filed November 28, 2022, by defendant, Jaimie Beebe.[2] The government submitted a response ([#291], filed under restriction January 10, 2023), and despite opportunity to do so (*see* Minute Order [#288], filed December 1, 2022), Mr. Beebe did not file a reply. I putatively have jurisdiction to consider Mr. Beebe's request for sentence modification under 18 U.S.C. § 3582(c). Because the motion has been mooted by Mr. Beebe's subsequent release from custody, I deny it.

Mr. Beebe seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

---

[1] "[#285]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. Beebe is proceeding pro se, I construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. *See* **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

One of the purposes of the First Step Act was to "increas[e] the use and transparency of compassionate release," *see* First Step Act, 132 Stat. at 5239, by expanding the universe of persons who could seek such relief. Whereas previously, only the Director of the Bureau of Prisons could file a motion compassionate release, **United States v. Gutierrez**, 2019 WL 1472320 at *1 (D.N.M. Apr. 3, 2019), now a defendant himself may seek such relief from the court "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," 18 U.S.C. § 3582(c)(1)(A).

Mr. Beebe filed this motion under purportedly "emergency" conditions based on the death of his adult son's mother, who allegedly was the young man's sole caretaker. Setting aside the various obvious problems with this request,[3] shortly after this motion ripened, Mr. Beebe was released from federal custody. **See** Federal Bureau of Prisons, *Find an Inmate, Jaimie J. Beebe* (Register Number: 79601-051) (showing Mr. Beebe was released February 10, 2023) (available at: https://www.bop.gov/inmateloc/) (last accessed: February 27, 2023).)

Although Mr. Beebe remains subject to a term of supervised release, his motion

---

[3] While one of the specified "extraordinary and compelling circumstances" which may warrant a court in exercising its discretion to grant compassionate release include the "death or incapacitation of the caregiver of the defendant's minor child or minor children," **USSG** §1B1.13, cmt. n.1(C)(i), Mr. Beebe's son is 24 years old. Although that fact would not preclude the court from considering Mr. Beebe's request under the catch-all provision of this policy statement, *see* **USSG** §1B1.13, cmt. n.1(D), he utterly fails to substantiate that the young man's mother in fact has died, that the son actually has "neurological disorders and social limitations" so incapacitating that a full-time caregiver is necessary, that no other person is available or capable or caring for the young man, or that Mr. Beebe himself has the skills or means to do so.

does not challenge his term of supervised release.[4]  Instead, it seeks a release from custody.  Moreover, the compassionate release statute grants the court discretion to reduce a previously imposed "term of imprisonment."  18 U.S.C. § 3582(c)(1)(A).  Accordingly, numerous federal courts have concluded a defendant's release from federal custody moots substantive consideration of a pending motion for compassionate release.  *See, e.g.*, ***United States v. Banks-Davis***, 2021 WL 4936206 at *1 (4th Cir. Oct. 22, 2021); ***United States v. Chandler***, 847 Fed. Appx. 78, 79 (2nd Cir. 2021); ***United States v. Hoffecker***, 2021 WL 6135938 at *4 (D.N.J. Dec. 28, 2021); ***United States v. Lisk***, 2020 WL 5434126 at *1 (D. Kan. Sept. 10, 2020); ***Hirano v. United States***, 2020 WL 1861659 at *4 (D. Hawaii April 13, 2020); ***United States v. Gumbs***, 2021 WL 1372964 at *1 (S.D.N.Y. Apr. 9, 2021); ***Kyle v. United States***, 2020 WL 760396 at *2 (N.D. W. Va. Feb. 14, 2020).  Just so here.

**THEREFORE, IT IS ORDERED** that Mr. Beebe's pro se **"Motion for Compassionate Release (3582)"** [#285], filed November 28, 2022, is denied as moot.

Dated March 2, 2023, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[4] Instead, by separate motion (*see* [#286]), Mr. Beebe seeks to transfer his supervision to the Southern District of Florida, thus necessarily implying he does not challenge the term of supervised release.  *See **United States v. Chestnut***, 989 F.3d 222, 225 (2nd Cir. 2021) (motion moot where defendant was released and was "not seeking a resentencing because of some procedural or substantive error in his original sentence or because changes in the law have made his original sentence too harsh").  Although Mr. Beebe also sets forth a proposed plan of release in the instant motion, I will consider these arguments in the context of resolving the motion to transfer.