## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No. 14-cr-00161-REB-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2. JAIMIE J. BEEBE,

      Defendant.

---

### ORDER DENYING WITHOUT PREJUDICE MOTION TO TRANSFER JURISDICTION

---

**Blackburn, J.**

The matter before me is pro se **Motion To Transfer the Jurisdiction of the Defendant's Supervised Release Term** [#286],[1] filed November 30, 2022, by defendant, Jaimie Beebe.[2]  The Probation Office (**see** [#290], filed December 28, 2022) and the government (**see** [#291], filed under restriction January 10, 2023)  submitted responses, and despite opportunity to do so (**see Minute Order** [#288], filed December 1, 2022), Mr. Beebe did not file a reply.  I putatively have jurisdiction to consider the motion under 18 U.S.C. § 3605.  Because the motion is premature at best, I deny it, albeit without prejudice.

---

[1]  "[#286]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  Because Mr. Beebe is proceeding pro se, I construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Mr. Beebe was released from federal custody on February 10, 2023. (**See** Federal Bureau of Prisons, *Find an Inmate, Jaimie J. Beebe* (Register Number: 79601-051) (available at:  https://www.bop.gov/inmateloc/) (last accessed:  February 27, 2023).)[3]  He remains subject to a 3-year term of supervised release.  (**See Second Amended Judgment** at 3 [#267], filed July 27, 2018.)  He does not challenge the validity of that term but seeks to transfer his supervision to the Southern District of Florida, where his 24-year old son lives.  Mr. Beebe claims the young man "is autistic and suffers from serious mental and social challenges," and, following recent the death of his mother, requires a full-time caretaker.

Herein, Mr. Beebe claims he has many "solid ties" in the and around the Southern District of Florida, having lived there previously, and has "several interesting and attractive employment opportunities . . . within the big tech marketplace."  (**Motion** at 3-4.)  He does not specify these opportunities but states that following his release from custody, he "will immediately secure a professional position with a technology-based company," at the same time "quickly selling his personal art collection and inventory" of his own work, the market for which Mr. Beebe represents is "great" in south Florida.  (**See id.** at 5-6.)  He also describes a plan eventually to "launch[] a new and unique computer periphial [sic] interface device" which he appears to suggest could replace the traditional computer mouse.  (**Id**. at 4-5.)[4]  By contrast, Mr. Beebe avers he

---

[3]  Thus, although the motion was not ripe at the time it was filed, **see United States v. Jones**, 766 Fed. Appx. 671, 674 (10th Cir. 2019), it has become so.

[4]  Mr. Beebe set out a similar proposal for release in his pro se **"Motion for Compassionate Release (3582)"** ([#285], filed November 28, 2022).  Therein, in addition to securing a job in the technology sector and selling his art, Mr. Beebe endorsed a plan to "being working in the Mergers & Acquisitions industry as a contractor" and stated Gottesman Company, located in New York, would

2

has no connections in Colorado and no employment prospects in the Denver metro region.  (*See id.* at 3; **Motion for Compassionate Release** at 7.)

Despite these ambitions – all of which Mr. Beebe endorsed prior to his release from custody – the record before me shows he has not submitted a relocation and release plan via the Bureau of Prisons to the Probation Office for the Southern District of Florida for consideration of his transfer request.  (*See* **Probation Resp.**; **Gov't Resp. App.**, Exh. 1 (supervised release plan submitted to the BOP September 11, 2022, noting Mr. Beebe requested transfer of supervision but "ha[d] not provided any documents for relocation").)[5]  Under 18 U.S.C. § 3605, this court can consider exercising its discretion to transfer jurisdiction of Mr. Beebe's supervision only with the concurrence of the transferee court.[6]  Thus, unless and until the Mr. Beebe receives approval in that district, the court has no authority to grant him a transfer of its own initiative, regardless whether it would be inclined to do so.  *See United States v. Votta*,

---

provide leads for such a position.  He envisioned then creating a "virtual sales platform . . . to accelerate his M&A financial earnings," which would allow him and other brokers to "coordinate online events and presentations."  (*See id.* at 8-9.)

[5]  That document also demonstrates Mr. Beebe told the BOP he had no address in Denver and would be "homeless."  However, the Probation Office's response states that although Mr. Beebe's "current ties to our district are not known[,] if he needed to reside in Colorado but did not have a residence to release to, a special condition for residential reentry center (public law placement) might be needed." (*See* **Probation Resp.**)

[6]  The Probation Office describes the apposite procedure in its response:

> The U.S. Probation Office in the Southern District of Florida would conduct a relocation and release plan investigation for this defendant, which includes verifying the location of his proposed residence and assessing its suitability for supervision. It is the discretion of the U.S. Probation Office in the Southern District of Florida whether to accept the defendant's relocation and supervision based on the assessment of his social networks in their district, his opportunity for employment there, and whether his circumstances in that district would maximize his success on supervision.

3

212 Fed. Appx. 142, 143 (3rd Cir. 2007); ***United States v. Fernandez***, 379 F.3d 270, 272 (5th Cir. 2004); ***United States v. Ohler***, 22 F.3d 857, 858-59 (9th Cir.1994); ***United States v. Johnson***, 2022 WL 1394546 at *2 (E.D. Ky. May 3, 2022); ***Jeansonne v. USA***, 2021 WL 4562363 at *2 (W.D. La. Sept. 9, 2021), ***adopted***, 2021 WL 4557185 (W.D. La. Oct. 5, 2021); ***United States v. Pao Xiong***, 2020 WL 2042776 at *1 (E.D. Wis. April 28, 2020), ***aff'd***, 840 Fed. Appx. 27 (7th Cir. 2021); ***United States v. Godine***, 2010 WL 2265616 at *1 (N.D. Okla. June 3, 2010).

Mr. Beebe certainly may reurge his request for transfer if and when he receives approval from the Probation Office in the Southern District of Florida to accept his supervision.  I therefore deny his motion without prejudice to refile whenever that approval is secured.

**THEREFORE, IT IS ORDERED** that Mr. Beebe's pro se **Motion To Transfer the Jurisdiction of the Defendant's Supervised Release Term** [#286], filed November 30, 2022, is denied without prejudice.

Dated March 2, 2023, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge