CO-PROB12D
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. JAIMIE J. BEEBE                         DKT. NO. 1:14CR00161-2

### PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Jordan Buescher, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Jaimie J. Beebe, who was placed on supervision by the Honorable Robert E. Blackburn, sitting in the United States District Court in Denver, Colorado, on March 22, 2017.  The defendant was sentenced to 108 months' imprisonment and 3 years' supervised release for an offense of Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2.  Supervision commenced on February 10, 2023, and is set to expire on February 9, 2026.  As noted in the second amended judgment [Document 267], the Court ordered mandatory, standard, and special conditions of supervision.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant reported to the Probation Office as directed on February 14, 2023, where he had a hard time being truthful surrounding his residence.  The defendant reported that he was staying at the Denver Rescue Mission, and when unable to reside there, he would stay at the Salvation Army, both located in Denver, Colorado.  The defendant was asked to sign release of information forms so we could attempt to verify his residence.  He reported that he was untruthful surrounding his address, stating "I just can't stay with those people."  The defendant then reported that he was residing at the Denver International Airport, inside of door number 407.  Furthermore, also on February 14, 2023, the defendant submitted a random urine sample that was confirmed positive for marijuana.

On February 15, 2023, the defendant reported again, as directed.  All conditions of supervised release were once again reviewed with him.  He was told that his whereabouts in the community are of concern and an attempt to place him at a residential re-entry center (RRC) was something I would like to request from the Court to offer him stable housing and to ensure he has a structured environment as he transitions into the community.  The defendant elected to decline signing a modification waiver to add this condition.  He stated he would be at the Denver Rescue Mission every single night until he secured his own housing.  On February 18, 2023, a visit was made to the Denver Rescue Mission at 7:15 a.m.  I asked staff from the facility if the defendant was present.  They reviewed their system and indicated that the defendant was not present.  It has since been learned that though the defendant may sign in at the Denver Rescue Mission, there is nothing that can ensure he is actually residing there, effectively meaning that he lacks needed accountability in the community.

Case No. 1:14-cr-00161-REB   Document 298   filed 03/09/23   USDC Colorado   pg 2 of 3

| | | |
|---|---|---|
| Jaime J. Beebe<br>1:14CR00161-2 | Petition to Modify Conditions of Supervised Release<br>Page 2 | March 9, 2023 |

In addition to the concerns of his whereabouts, he mentioned several things during his two intake appointments which gave me pause about his overall willingness to be truthful, and his motivation to follow the Court's conditions of supervised release.

The defendant reported that he has the ability to collect approximately $20,000 from off-shore accounts if he can contact his co-defendant in this underlying case, Geoffrey Lunn. This contact, or attempted contact, was denied by the Probation Office. The defendant also was seeking to have other persons beside himself open lines of credit for him or to open corporations that were not under his name or Social Security number. The defendant also asked that if he paid off his restitution, which currently stands at just under four-million dollars, if he could be let off supervision early.

The defendant went on to report that he is a very "resourceful" person and is able to get funds from various sources but elected not to share who/what were the sources of this income, which causes concerns considering his criminal history involving theft, larceny, and this underlying case.

The defendant's unwillingness to provide truthful statements about basic information surrounding his residence and the difficulty verifying the same is problematic. This, combined with his self-reports of being resourceful about funds, having access to off-shore bank accounts, and having others open lines of credit or corporations for him shows that additional conditions of supervised release should be imposed.

Based on the totality of circumstances, the defendant being placed on location monitoring with GPS is something the Probation Office is recommending. Furthermore, a search condition to include electronics is also being recommended as another way of controlling risk posed by certain types of defendants. While searches are not the Probation Office's preferred supervision tool, there are instances where they may be necessary to protect the public, the probation officer, and the defendant. A search condition, by itself, may provide an element of deterrence for a defendant and will permit the Probation Office to intervene quickly when there is reasonable suspicion that a defendant has engaged in criminal conduct or otherwise violated a condition of release. It is well known that the use of cell phones and computers are used by persons to engage in theft, larceny, and fraud, as well as engage in other unlawful behaviors and adding this condition will hopefully deter these behaviors. Given the totality of the circumstances, the below-noted search condition is recommended to control risks to the community posed by this defendant, to provide the defendant with an element of deterrence from committing future criminal conduct, and to address officer safety concerns.

On March 6, 2023, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision. Assistant U.S. Attorney Martha Polluch was contacted and has no objection to the proposed modifications.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of Supervised Release to include the following special conditions:

1. You will be monitored by Global Positioning System (GPS) technology as determined by the probation officer for a period of 120 days. You must abide by all technology requirements and follow the rules and regulations of the location monitoring program. You must pay the costs of the program based on your ability to pay. Unless required by other court-imposed conditions of supervision, you are not restricted to your residence by a specified schedule; however, you must comply with any location or travel restrictions imposed by the court (stand-alone monitoring).

2. You must submit your person, property, house, residence, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

I DECLARE under penalty of perjury that the foregoing is true and correct.

***s/Jordan Buescher***
  Jordan Buescher
  United States Probation Officer
  Place:   Denver
  Date:    March 9, 2023

***s/Edgar T. Ruiz***
  Edgar T. Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    March 9, 2023