# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 14-cr-00161-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JAIME J. BEEBE,

    Defendant.

## ORDER GRANTING MOTION TO RESTRICT DOCUMENTS

**Blackburn, J.**

This matter is before me on(1) the **Motion To Prevent Public Access Under Local Colorado Rule(s)** [#284],[1] filed pro se by defendant Jaime Beebe on November 28, 2022; and (2) the **Government's Motion To Restrict Document Attachment** [#292], filed January 10, 2023.  I grant the motions.

Mr. Beebe's motion seeks to restrict access to his **Motion for Compassionate Release (3582)** [#285], filed November 28, 2022.  The motion contains arguments referencing sensitive personal family circumstances pertinent to the relief sought therein and includes names and identifying details of family members.  The government's motion refers to its response to the motion, which includes information contained in Mr. Beebe's Presentence Investigation Report.

Under D.C.COLO.LCrimR 47.1, a motion to restrict may be granted when the

---

[1] "[#284]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

interest to be protected by restriction outweighs the presumption of public access. When seeking restriction, a party must identify a clearly defined and serious injury that would result if access is not restricted.  In addition, a party seeking restriction must explain why no alternative to restriction is practicable.  Rule 47.1(d) provides for notice of the filing of a motion to restrict and a three day period for filing of objections.  "Unless otherwise ordered, a motion to restrict public access shall be open to public inspection." D.C.COLO.LCrimR 47.1(c).  "Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed."  *Id*.

I find both Mr. Beebe and the government have shown that the interests to be protected by restriction outweigh the presumption of public access.  Both parties have articulated clearly defined and serious injuries which would result if access is not restricted.  No alternative to restriction would serve these purposes adequately.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Beebe's pro se **Motion To Prevent Public Access Under Local Colorado Rule(s)** [#284], filed on November 28, 2022, is granted;

2. That the **Government's Motion To Restrict Document Attachment** [#292], filed January 10, 2023, is granted;

3. That Mr. Beebe's pro se **Motion for Compassionate Release (3582)** [#285], filed November 28, 2022, shall be maintained under Level 2 restriction as defined by D.C.COLO.LCrimR 47.1(b); and

4. That the **Government's Response to Defendant's Second Motion for**

**Compassionate Release, ECF 285, and defendant's Motion To Transfer the Jurisdiction of the Defendant's Supervised Release Term, ECF 286** [#291], filed January 10, 2023, and its attached exhibit shall be maintained under Level 2 restriction, as defined by D.C.COLO.LCrimR 47.1(b).

Dated April 25, 2023, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3